Nov. Term,
1860.

WEYER
v.
THORNBURGH.

*A. Steele* and *H. D. Thompson*, for appellants.

---

WEYER and Another *v.* THORNBURGH, Administrator of
REAGAN.

*A.* and *B.*, as partners, executed a promissory note to *C.*, and subsequently *A.* died leaving the note unpaid.   *C.* brought suit against *B.*, the surviving partner, recovered judgment, and execution thereon was returned *nulla bona.*   He then filed the note as a claim against the estate of *A.*

*Held,* that the claim could be enforced in equity only, and must therefore be subject to such equitable rules as obtain in reference to the payment of partnership and individual debts.

*Held,* also, that as partnership creditors have a priority in the distribution of partnership assets, and individual creditors can only take the excess ; so individual creditors have a priority in the administration of individual assets, and partnership creditors can only have distribution of the surplus.

*Held,* also, that where the assets are equitable merely, and can only be reached through a Court of Equity, it is doubtful whether this rule applies.

*Held,* also, that the rule does apply though there be no partnership assets, and no surviving solvent partner.

*Held,* also, that 2 R. S. 1852, § 70, p. 262, which provides for the allowance of such claims, or part thereof, against the estate of a deceased joint-obligor, does not entitle the claim to payment, unless there is a surplus after paying individual creditors.

*Friday,*
*November* 30.

APPEAL from the *Morgan* Common Pleas.

WORDEN, J.—In 1855, *Reagan & Olleman*, as partners, executed to the appellants a promissory note.   Subsequently

*Reagan* died, leaving the note unpaid. The appellants brought suit upon the note against *Olleman* as the survivor, and recovered judgment, upon which execution was issued and returned *nulla bona*. The plaintiffs then filed the note as a claim against the estate of *Reagan* deceased, and it was duly allowed by the Court below, but it was ordered not to be paid until the individual creditors of *Reagan* were satisfied, his estate not being solvent, but probably able to pay 50 per cent. on the claims against it. The plaintiffs appeal, and complain of the order of the Court postponing their claim until the individual creditors of *Reagan* are paid, claiming that they have a right to share the estate *pari passu* with the individual creditors.

In the case of a joint contract, as in this case, if one of the parties die, his executor or administrator, at common law, is discharged from liability, and the survivor alone can be sued. 1 Chitty's Plead. p. 50. In equity, however, the rule is different. Says Mr. Justice *Story*, "The doctrine formerly held upon this subject seems to have been, that the joint-creditors had no claim whatsoever, in equity, against the estate of a deceased partner, except when the surviving partners were at the time, or subsequently became, insolvent or bankrupt. But this doctrine has been since overturned; and it is now held, that in equity, all partnership debts are to be deemed joint and several; and consequently the joint-creditors have in all cases a right to proceed at law against the survivors, and an election, also, to proceed in equity against the estate of the deceased partner, whether the survivors be insolvent, or bankrupt, or not." Story on Part. § 362.

We advert to these elementary principles, as showing that the appellants' claim is one that could be enforced in equity only, against the estate of the deceased, and, therefore, that it must be subject to such equitable rules as obtain in reference to the payment of partnership, and individual debts.

The general rule in this respect, is thus stated by a standard author: "The joint-creditors have the primary claim upon the joint fund, in the distribution of the assets of bankrupt or insolvent partners, and the partnership debts are to be settled before any division of the funds takes place. So far

as the partnership property has been acquired, by means of partnership debts, those debts have, in equity, a priority of claim to be discharged ; and the separate creditors are only entitled in equity to seek payment from the surplus of the joint fund, after satisfaction of the joint debts. The equity of the rule, on the other hand, equally requires that the joint creditors should only look to the surplus of the separate estates of the partners, after payment of the separate debts. It was a principle of the *Roman* law, and it has been acknowledged in the equity jurisprudence of *Spain*, *England*, and the *United States*, that partnership debts must be paid out of the partnership estate, and private and separate debts, out of the private and separate estate of the individual partner. If the partnership creditors can not obtain payment out of the partnership estate, they can not in equity resort to the separate and private estate, until private and separate creditors are satisfied ; nor have the creditors of the individual partners any claim upon the partnership property, until all the partnership creditors are satisfied. The basis of the general rule is that the funds are to be liable on which the credit was given. In contracts with a partnership, the credit is supposed to be given to the firm, but those who deal with an individual member rely on his sufficiency." 3 Kent's Com. 74.

This, as a general rule, we think well established, although it may have been doubted or denied in some of the States of the Union. *Vide McCulloh* v. *Dashiell* and notes, 1 Am. Lead. Ca. 460. It is applicable to cases where the assets to be applied to the payment of debts are *legal*, as contra-distinguished from *equitable*. Where the assets are equitable merely, and can only be reached through the interposition of a Court of equity, it may be doubtful whether this rule applies. *Vide* notes to *Silk* v. *Prime*, vol. 2, part 1, Lead. Ca. Eq. 72.

There is, however, an exception to this rule, recognized in some of the cases, which would be applicable to the case at bar, and, if admitted, would seem to take the case out of the general rule. The exception is this, that where there is no joint property, and no living solvent partner, the joint creditors are entitled to share the separate property *pari passu*,

with the separate creditors. *McCulloh* v. *Dashiell, supra.* Such is undoubtedly the effect of some of the cases, and Judge *Story,* in speaking of this point, says, " where there is no joint estate, the case may seem to be involved in more nicety and difficulty ; since, under such circumstances, the creditors would seem, as their contract is several, as well as joint, to be entitled, upon general principles, to claim *pari passu* with the separate creditors. However, it can not be positively affirmed, that such is the settled doctrine in equity, in cases of deceased partners. On the contrary there seems to be some conflict of opinion upon the point." Story on Part. § 363. This exception to the general rule, was repudiated in the case of *McCulloh* v. *Dashiell, supra,* which seems to be a leading case on this subject. The Court say : " it is not altogether so easy to perceive why, when there is no joint fund, and no solvent partner, the joint creditor should thereby acquire the equitable right of coming in with the separate creditors *pari passu,* upon a fund in no manner benefited by the creation of his debt. Such, however, is the settled and established rule, as we are enabled to collect it, both in bankruptcy, and in equity ; and according to this rule, the complainant could not, in this case, be permitted to seek indemnity for his claim, from the separate estate *pari passu* with the separate creditors, as it is a conceded fact in the cause, that there are joint funds, although very inconsiderable, and greatly insufficient to pay the debt of the complainant. But were this not the fact, this Court would have no difficulty in saying that the complainant should be postponed to the separate creditors, and that whether there was any joint estate or not, he should not be permitted to divide with the separate creditors, a fund insufficient to pay them. We are, therefore, disposed to adopt the ancient rule, as more consonant to equity. and justice, that the joint creditors can only look to the surplus, after payment of the separate debts ; and on the other hand, that the separate creditors can only seek indemnity from the surplus of the joint fund after satisfaction of the joint creditors." In the recent case of *Murrill et al.* v. *Neill et al.,* 8 Howard U. S. 414, the exception in question was not admitted. The Court say, in speaking of the excep-

Nov. Term, 1860.

WEYER
v.
THORNBURGH.

tion to the general rule: "The second is that in which there are no joint effects at all. In this last instance it is said that the joint creditors may come in for dividends *pari passu* on the separate effects ; though if there be joint effects, though of the smallest possible amount, this privilege would not be allowed. These exceptions it seems difficult to reconcile with the reason, or equity, on which the general rule is founded ; they are but exceptions however, and can not impair that rule. They do not, for ought we have seen, appear to have been recognized by the Courts of this country."

We feel at liberty, in view of the conflict in the decisions, upon this point, to follow that class which seems to be most in harmony with the rule itself, and the reason upon which it is founded. If, as stated by Chancellor *Kent*, the reason of the rule be, that they who give credit to a partnership are supposed to rely on the firm for payment, and those who credit an individual member, rely on his sufficiency ; or if the additional circumstance be also considered as entering into the reason of the rule, that the creation of the partnership debt is supposed to have increased the partnership effects, and an individual debt the individual effects ; we do not see any good reason for excepting out of the rule, those cases where there are no joint or partnership funds, out of which the debt could be made, and no surviving solvent partner. Why should a partnership creditor, who has contracted with a view to payment by the firm, upon a failure of partnership effects, encroach upon the rights of the creditors of an individual member of the firm, who have given him credit individually with a view to his individual responsibility ? The creditors of the individual members of a firm, are as much entitled to have their debts paid out of the individual property, before any part of it can be applied to the payment of partnership debts, as are partnership creditors to have partnership property applied to partnership debts, before any part can be applied to individual debts; and yet no case has been brought to our notice in which it has been held that the insolvency of an individual member of a firm, was any reason for permitting a creditor of the individual to receive payment out of the partnership property, unless there was a surplus

after paying partnership debts. The rule, it seems to us, should be the same in both cases.

Nov. Term, 1860.

WEYER v. THORNBURGH.

The conclusion arrived at from these considerations is, that the order made below is right, unless there is some statutory provision which changes the rule. The appellants contend, that "the whole subject of the settlement of decedent's estates, and payment of the debts of a deceased debtor, is governed by our statute." We have looked through the various provisions of the statute cited, but find none which we think changes the rule as above stated. There is one provision, however, that deserves especial consideration. It is § 70, 2 R. S. 1852, p. 262, providing that "when two or more persons are bound in any joint-contract, or in a judgment founded thereon, and either of them shall die, the proportionable part of such contract may be allowed against his estate, except where the relation of principal and surety exists; and in that case, if the decedent be the principal, the whole of such contract shall be allowed against such estate." The question is not before us, whether the Court erred in allowing the whole claim, instead of half of it, as the appellee does not complain of the allowance of the whole of it. We are of opinion, that this statute should not be so construed as to make the allowance provided for, entitle the claim to payment, unless there is a surplus after paying the individual creditors of the deceased; who, upon equitable principles, are entitled to be first paid out of the individual property. Such claim may very properly be allowed, and yet the Court may make an order postponing its payment until individual creditors are paid. The case is closely analagous to those in bankruptcy, where a joint debt may be proven under a separate commission, but no dividend allowed until the separate creditors are satisfied. *Murrill et al.* v. *Neill et al., supra.*

*Per Curiam.*—The order made below is affirmed, with costs.

*O. J. Glessner, H. C. Newcomb* and *John Tarkington,* for appellants.

*W. R. Harrison,* for appellee.