## OLLEMAN *v.* REAGAN's Administrator.

| 28  109
| 138  166

CO-PARTNERSHIP.—MARSHALING OF ASSETS.—Where a surviving partner, after exhausting the partnership assets, is compelled to pay the residue of the partnership debts out of his own means, he is entitled to recover from the estate of the deceased partner a moiety of the amount thus paid.

SAME.—The claim of the surviving partner is not, in such case, a joint or partnership debt, which in the distribution of the estate of the deceased partner can be postponed till other debts are paid, but is an individual debt, and entitled to share *pro rata*.

APPEAL from the *Morgan* Common Pleas.

ELLIOTT, C. J.—*Olleman* and *Reagan* were partners in the mercantile business. *Reagan* died, leaving the business of the partnership unsettled. *Olleman*, as the surviving partner, settled the business of the firm, and after applying all the partnership assets to the payment of the debts

of the firm, a considerable amount remained unpaid, which *Olleman*, as the surviving partner, was compelled to and did pay out of his individual means.  He subsequently sued *Thornburgh*, as the administrator of *Reagan*, for one moiety of the amount so paid, and recovered a judgment for $705.  But the court, regarding the amount so recovered as being in the nature of a partnership debt, made an order postponing the payment thereof, until all the individual liabilities of said decedent were first paid.  *Olleman* excepted to this order, and appeals to this court.  The assets in the · hands of the administrator are not sufficient to pay the individual indebtedness, and an order has been made to settle the estate as insolvent; and hence, if the order of the court giving priority to the other claims against the estate be correct, *Olleman* will receive nothing on his claim.

The general rule of law is, that not only the partnership property, but the individual property of each partner also, is liable for the payment of the debts of the partnership. But in case of the death of one of the partners, the duty of closing the business of the partnership devolves upon the survivor, who is therefore entitled to the possession of the property of the partnership, and at common law was alone liable to be sued for the partnership debts.  But the executor or administrator of the deceased partner was liable in equity.  See *Weyer* v. *Thornburgh*, 15 Ind. 124, and the authorities there cited.

If, however, a partner becomes a bankrupt or insolvent, equity will marshal the assets on distribution.  The rule in such cases is stated thus:  "The joint creditors have the primary claim upon the joint fund, in the distribution of the assets of bankrupt or insolvent partners, and the partnership debts are to be settled before any distribution of the funds takes place.  So far as the partnership property has been acquired by means of partnership debts, those debts have, in equity, a priority of claim to be discharged; and the separate creditors are only entitled in equity to seek payment from the surplus of the joint fund, after the sat-

isfaction of the joint debts. The equity of the rule, on the other hand, equally requires that the joint creditors should only look to the surplus of the separate estates of the partners, after payment of the separate debts." 3 Kent Com. 64. This rule, though not universally recognized, is undoubtedly supported by a strong current of authority. An exception to it, however, has been recognized by some of the cases. It is this: that where there is no joint property and no living solvent partner, the joint creditors are entitled to share the separate property *pari passu* with the separate creditors. But in *Weyer* v. *Thornburgh*, *supra*, the court refused to recognize this exception. We do not find it necessary to discuss that question here, as we do not think the claim upon which the appellant recovered his judgment a joint one, within the meaning or spirit of the rule.

True, the money sought to be recovered was paid by the appellant on joint or partnership liabilities. But when the partnership assets were exhausted in the payment of partnership liabilities, leaving a portion of the partnership debts unpaid, equity required that the administrator of the deceased partner should contribute from the funds of the estate equally with the surviving partner to the payment of the residue. Failing to do so, the surviving partner was compelled to pay the whole out of his private means. One-half the amount so paid was so much money advanced and paid by him for the use of the estate of the deceased partner. It was not a debt against the firm, and could not share in the distribution of the partnership assets. It was an individual debt due to the appellant from the estate of the decedent, and we are not aware of any principle of equity that denies him the right to a distributive share of the property of the decedent with the other separate creditors.

We think, therefore, that the court below erred in making the order postponing the payment of the appellant's judgment until all the individual liabilities of said decedent were paid. The order is therefore reversed and set aside,

with costs, and the court below is directed to allow the appellant's judgment to be paid *pro rata* with the other claims against said estate.

*L. Barbour*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.