MILLER *v.* ROSEBOOM ET AL.

MECHANIC'S LIEN.—*Material.—Labor.—Pleading.*—A complaint to enforce
a mechanic's lien on real estate, for the value of labor and materials
furnished by the plaintiff, for the defendant, in the erection of a build-
ing thereon, which avers that the same were furnished specially for the
building against which the lien is sought to be enforced, is sufficient.

From the Tipton Circuit Court.

*N. W. Parker*, for appellant.

*J. Green, D. Waugh* and *J. Waugh*, for appellees.

BIDDLE, C. J.—Complaint in two paragraphs, by the ap-
pellees, against the appellant, to enforce a mechanic's lien
for materials furnished, and work and labor done, in build-
ing a house.

A demurrer, alleging the want of facts, was overruled
to each paragraph of the complaint, and exceptions to the
ruling reserved and assigned as error in this court.

The objection taken to each paragraph of the complaint
is, that it does not show that the materials alleged to
have been furnished were furnished for the building, and
the work and labor done upon the building, and upon the
credit of the building.

The allegations in the first paragraph upon these points
are as follows:

That "the defendant was, and still is, indebted to the
plaintiffs in the sum of six hundred and sixty dollars, for
work and labor performed, and for brick, lime and mate-
rial furnished, on and for a brick building erected on the real
estate of the defendant, hereinafter described, at the defend-
ant's special instance and request; a bill of particulars," etc.

And, in setting out the notice of the lien claimed,
the premises are averred to be "the real estate of said
defendant, upon which said building, was erected, and
upon which said work and labor was performed, and for
which said brick, lime and material was furnished, more
particularly described," etc.

The allegations objected to in the second paragraph as insufficient are as follows:

That said plaintiffs did, etc., "at their own expense, furnish all the brick, lime, mortar and material for the construction of the brick walls and work for said building, and did, according to the plans and special directions of the defendant, place and put said brick and material into the walls of said building, and done and performed all the brick work on the same, as aforesaid; that the brick put and laid up in the walls of said building by the plaintiffs, as aforesaid, amounted to fifty-seven thousand six hundred and ten; all of which is worth, and of the value of, six hundred and sixty dollars, which is due and wholly unpaid; that said building was erected upon the real estate aforesaid, and said material and work done and furnished for said building."

These averments are not strictly grammatical, nor very elegantly expressed; but they are full and strong. *Mala grammatica non vitiat chartam.*

The complaint is sufficient.

Subsequent pleadings were filed and issues joined, upon which no question is reserved.

Trial by jury; verdict and judgment for appellees.

Under a motion for a new trial, the question of excessive damages is presented and discussed by the appellant; but, in our view, there is evidence enough to fairly support the amount assessed.

The judgment is affirmed, with costs.