## BOND ET AL. *v.* NAVE ET AL.

DECEDENTS' ESTATES.—*Partnership.*—*Priority of Individual Creditors in Administration of Individual Assets.*—*Stare Decisis.*—Individual creditors have priority in the administration of the individual assets of the estate of their deceased debtor, and partnership creditors can only have distribution of the surplus. This rule, in this State, is *stare decisis.*

SAME. — *Instructions.*—In a proceeding to compel an administrator to apply the individual assets of a deceased partner to the payment of individual debts, it is not error to refuse to give an instruction to the jury which assumes that the decedent and another were partners; nor to refuse to instruct them, that, if they found certain stated facts to be true, the decedent and another "would be partners, and your verdict should be for the plaintiff," there being other facts in issue to be found before a verdict could properly be so returned ; nor to refuse to give an instruction containing the sentence, that "if there was no contract between" such person and the

decedent, " as to the respective shares or compensation of each in said business, in that event" the decedent " would be held liable as a partner," and the firm become a partnership.

SAME.—*Pleading.—Preference.*—In such case an answer setting up facts which show that the claims of the plaintiff have no preference over those of the defendants is good on demurrer.

SAME.—*Admissions of Partner.— When not Competent Evidence.*—The admissions of a partner, made during the partnership, may be introduced as evidence against him, in favor of the creditors of the partnership, but such admissions are not competent evidence against the creditors of the partnership, for the purpose of diverting the assets of the partnership to the payment of his individual debts.

SAME. – *Implied Admissions after Dissolution.*—An inventory filed in court by one partner after the death of the other partner, purporting to contain the assets of the partnership, is no more than an implied admission of the partnership, made after its dissolution, and is not evidence either to prove the partnership as against the decedent, or to bind the creditors of the partnership as against the individual creditors of the decedent.

NEW TRIAL.—*Practice.*—A cause for a new trial, that " The court erred in giving certain instructions to the jury on its own motion," etc., is too indefinite to present any question to the Supreme Court.

From the Warren Circuit Court.

*M. Milford,* for appellants.

*R. C. Gregory* and *W. B. Gregory,* for appellees.

BIDDLE, J.—The appellants, in their complaint against the appellees, aver, that Edward Wilson died seized of real estate of the value of fifteen thousand dollars; that J. Shannon Nave, the administrator of his estate, upon petition, obtained an order of court and sold said real estate, upon which he realized ten thousand dollars in assets, of which six thousand yet remain in his hands to be administered; that each of said appellants had claims against said Wilson individually, upon which they have all obtained judgments against his estate, which judgments are set forth ; that Edward Wilson in his lifetime formed a copartnership with his son James A. Wilson, under the style of " Wilson & Son," in the commission and forwarding business, at Attica, Indiana, which firm did a large busi-

ness, and was largely indebted at the time of its dissolution; that, since the death of Edward Wilson, many of the creditors of said firm have obtained judgments against his estate upon their claims; that the assets of the firm are of little value, except one thousand dollars; that all of said claims against the firm remain unpaid; that the assets belonging to the individual estate of Edward Wilson will be sufficient to pay his individual creditors, and leave one thousand dollars to apply upon partnership debts; that said Nave, administrator of the estate of Edward Wilson, is about to apply the assets of said estate to the payment of the partnership debts of the firm of "Wilson & Son," and thus defraud the creditors of Edward Wilson individually out of more than one-half of their said judgments, etc. Prayer, that the administrator be required to pay the individual creditors of Edward Wilson out of the assets of his individual estate, before applying any part of them to the debts against the partnership of "Wilson & Son," and that he be enjoined accordingly.

The above synopsis of the complaint is sufficient to present the questions reserved in the record.

The appellees answered in nine paragraphs. Separate demurrers, alleging the insufficiency of the facts stated therein, were overruled to the fourth and fifth paragraphs, and sustained to the remaining paragraphs, except the first, which is a general denial. Trial by jury, general verdict for the appellees, and a finding upon two special interrogatories, that there was no partnership between Edward Wilson and James A. Wilson.

In their motion for a new trial, the appellants assigned several causes therefor, which should have been assigned as errors here, and have assigned as errors here several causes for a new trial; yet some of the questions are properly presented and will be considered in the order in which they are discussed by the appellants in their brief.

1. The appellants contend, that " the individual creditors have a priority in the administration of individual assets, and partnership creditors can only have distribution of the surplus."

In this we concur with the appellants. The case of *Weyer* v. *Thornburgh,* 15 Ind. 124, establishes this doctrine.

The appellees, in their brief in support of their cross errors, dispute this law, and ask us to overrule the case; but we think it would be unwise to do so. It has been frequently approved by this court, and we think it is the better rule, notwithstanding in several of the States the law has been held otherwise. *Stare decisis.*

2. The instructions given to the jury by the court on its own motion are complained of by the appellants as erroneous, but no question concerning them has been properly presented to us. The cause for a new trial, which attempts to present the question, is in these words: " The court erred in giving certain instructions to the jury on its own motion, which were excepted to, as appears elsewhere in the record." The court gave six separate instructions to the jury of its own motion, but which of them are the " certain instructions " excepted to by the appellants, it is impossible for us to know.

3. The exceptions to the refusal of the court to give instructions numbered 1, 2, 3, 4, 5, to the jury, as asked by the appellants, are well presented. Instructions numbered 1, 2, 3, plainly imply, if they do not indeed assume, that Edward Wilson and James A. Wilson were partners, and for that reason, if for no other, they were properly refused. Number 4 instructs the jury, that, if they find certain facts therein stated to be true, then they (the Wilsons) " would be partners, and your verdict should be for the plaintiffs." Admitting that the facts as stated in the instructions would have made the Wilsons partners, and we think they would, yet it would have been wrong to instruct

the jury, that, if they so found them to be partners, their verdict should be for the plaintiffs.

There were many other facts in issue to find before the jury could properly return a verdict for the plaintiffs.

Instruction numbered 5 contains the following sentence:

"And, if there was no contract between him and his father as to the respective shares or compensation of each in said business, in that event he would be held liable as a partner, and the firm of Wilson & Son become a partnership."

This paragraph by itself is clearly erroneous, and, as it stands independent of any other part of the instructions which can modify or control it, the whole instruction was properly refused. But, if these instructions could properly have been given, we do not think their refusal would amount to an available error; for, in looking into the instructions given on the court's own motion, we find that they cover all the propositions contained in those refused.

4. The appellants offered to prove by the witness, Thomas C. Wiggins, the admission of Edward Wilson, prior to the dissolution of the partnership, that he and his son, James A. Wilson, were partners, doing a grain business in Attica, Indiana, under the firm name of "Wilson & Son," and shared equally in the profits and losses of their business by their contract of partnership. This question is scarcely well presented, but it is easier and more satisfactory to us to decide it than to point out wherein it is not well presented. It is true, that the admissions of a partner, during the partnership, may be introduced as evidence against him, in favor of the creditors of the partnership, but such admissions are not competent evidence against the creditors of the partnership, for the purpose of diverting the assets of the partnership to the payment of his individual debts. The evidence was properly rejected.

5. The court, upon the objection of the appellees, re-

jected as evidence an inventory filed in the court of common pleas by James A. Wilson, after the dissolution of the partnership, and after the death of Edward Wilson, purporting to contain the assets of the partnership, and as being filed by James A. Wilson as surviving partner. There is no·error in this ruling. The inventory was no more than an implied admission of the partnership by James A. Wilson, made after its dissolution. Such an admission would not be evidence either to prove the partnership as against Edward Wilson, or to bind the creditors of the partnership, as against the creditors of Edward Wilson individually.

6.   The overruling of the demurrer to the fourth paragraph of answer was excepted to below, and assigned for error here.   This paragraph denied the partnership of Edward and James A. Wilson, and averred that the claims of the appellees were against* Edward Wilson alone, and not against the alleged firm of " Wilson & Son." This is a good answer.   The simple denial of the partnership made it sufficient; and if the claims of the appellees were against Edward Wilson alone, instead of against the firm of Wilson & Son, then there would be no preference of payment in favor of the claims of the appellants over those of the appellees, unless they were shown to be preferred claims.

7.   The overruling of the demurrer to the fifth paragraph of answer is also presented as a question for our decision.   That paragraph was pleaded only as to the claim of the estate of John Nave against the estate of Edward Wilson.   It sets up the proceedings, trial and judgment of the court against the individual estate of Edward Wilson, founded on certain promissory notes, showing upon the pleadings, that there was no preference over it, in favor of the claims of appellants.   These facts, which are all alleged in due form, constitute a good defence.   The demurrer was rightly overruled.   If the claims of the appel-

lants had no preference over those of the appellees, the
case could not be maintained.

8. That the verdict of the jury is contrary to law, that
the verdict of the jury is not sustained by sufficient evi-
dence, that the verdict of the jury is contrary to the evi-
dence, that the verdict of the jury is contrary to law and
evidence, are all propositions urged by the appellants, and
may be considered together. We can not see wherein the
verdict is contrary to law; and, as to the questions arising
upon the evidence, there is evidence tending to prove every
point; it was submitted to the jury; upon it they found
their verdict; it was approved by the court; and, according
to the rule which we have repeated so often that it has
become familiar to all, there is no judicial ground upon
which we, as an appellate court, can disturb the judgment
upon a question of evidence.

We find no error in the record.

The judgment is affirmed, at the costs of the appellants.