Hardy *et al. v.* Mitchell *et al.*

HARDY ET AL. *v.* MITCHELL ET AL.

FRAUDULENT CONVEYANCE.—*Priorities of Partnership and Individual Creditors.*—Partnership property must be first applied to the payment of the partnership debts, and the individual property of the several partners to their individual debts ; and this rule applies where a court of equity is asked to set aside a fraudulent conveyance of real estate.

SAME.—The fact that an individual creditor of a partner foregoes his right to have a fraudulent conveyance of the real estate of such partner set aside gives a partnership creditor no right to attack such conveyance.

SAME.—The only interest of the partnership creditor in such case is in the residue of the individual property over individual debts.

SAME.— *Complaint.*—In a complaint by a partnership creditor, attacking an alleged fraudulent conveyance of the individual real estate of the partner, it would be proper to aver that there were no individual debts.

SAME.—*Parties.*—An action attacking such conveyance might be brought jointly by partnership and individual creditors.

SAME. - *Voluntary Conveyance.*—A voluntary conveyance by a partner of his individual real estate. at a time when the partnership property is sufficient to pay the partnership debts, is valid.

SAME.—*Measure of Value.—Sheriff's Sale.*—The price that property would bring at a sale on execution is not the sole criterion of its value.

From the Fountain Circuit Court.

*W. A. Tipton, S. F. Wood, L. Nebeker, S. M. Cambern, W. E. Baker, L. P. Miller* and *F. M. Dice,* for appellants.

*J. W. Copner,* —— *Cox, H. H. Stilwell* and *J. B. Martin,* for appellees.

WORDEN, J.—The appellants brought this action against the appellees, to set aside a certain conveyance of land as fraudulent and voidable, and to subject the land to the payment of certain debts.

Issue; trial by jury; verdict, and judgment for the defendants.

The only question involved is whether the court erred in overruling the appellants' motion for a new trial, made on the ground that the verdict was not sustained by the evidence.

The appellants were judgment creditors of the partnership firm of Mitchell & Crowley, consisting of Robert Mitchell and Octavius A. Crowley. The property conveyed was not partnership property, but the individual property of Robert Mitchell. The latter conveyed it to his minor children, named respectively Florence, Bell and Kate Mitchell.

It was alleged that the conveyance was voluntary, and made with the intent to hinder and delay the plaintiffs in the collection of their debts.

The court below, in passing upon the motion for a new trial, expressed a doubt as to the sufficiency of the complaint, in this, that it did not contain an allegation that Mitchell had no individual creditors, remarking that, " if he has individual debts equal to the value of the land in controversy, the plaintiffs, being partnership creditors, are probably not injured."

It is well settled, as a general rule, that partnership

property must be first applied to the payment of partner-, ship debts, and individual property to the payment of individual debts; and this rule is applicable where the principles of a court of equity are invoked in reaching and making distribution of assets, as in setting aside fraudulent conveyances at the instance of creditors. *McDonald* v. *Beach,* 2 Blackf. 55 ; *Weyer* v. *Thornburgh,* 15 Ind. 124 ; *Schœffer* v. *Fithian,* 17 Ind. 463 ; *Blake* v. *Faulkner,* 18 Ind. 47 ; *Kistner* v. *Sindlinger,* 33 Ind. 114 ; *Bond* v. *Nave,* 62 Ind. 505.

It would seem, therefore, that if Mitchell had individual creditors at the time of the conveyance, to the amount of the value of the land in controversy, they would be entitled to have it applied to the payment of their claims, in case the conveyance should be deemed fraudulent, to the exclusion of the partnership creditors. And if such individual creditors should see proper to forego their rights, and suffer the conveyance to stand, it is not perceived that this would give partnership creditors a right, in place of the individual creditors, to attack the conveyance.

But, upon the question of pleading suggested, we express no opinion. It does not seem to have been made, and was not decided in the court below.

It might be prudent, in a complaint by partnership creditors to set aside a conveyance of individual property, to allege that there were no creditors of the individual ; but whether such allegation is essential, or whether the complaint might be deemed good without it, leaving the fact of the existence of such creditors, where such is the fact, to be shown in defence, we do not decide. Probably, the partnership and individual creditors might join in such action, so that the proceeds of the property, after paying individual debts, might be applied to the payment of partnership debts.

But there was evidence tending to show that Mitchell,

at the time of the conveyance in question, owed individual debts, though the amount thereof is not certain. . Octavius A. Crowley, one of the partners, testified as a witness in the cause, and, after stating the estimate he put upon the value of the partnership property held at the time of the execution of the conveyance in question, and stating the amount of the partnership debts at that time, said : " In my estimate of the debts of the firm I do not include any individual debts of myself or Mitchell ; we both owed considerable individual debts." If, therefore, the plaintiffs had succeeded in the action, they might have obtained a judgment to which they were not entitled, by reason of the right of the individual creditors of Mitchell to priority of payment out of the proceeds of the property.

But, aside from this view, we are inclined to the opinion, that the verdict of the jury ought not to be disturbed on the evidence.

It is well settled that a conveyance of property will not be held fraudulent as against creditors, though voluntary, if the party making it had property left amply sufficient for the payment of all his debts. *Sherman* v. *Hogland*, 54 Ind. 578, and cases there cited. See, also, *Evans* v. *Hamilton*, 56 Ind. 34 ; *Romine* v. *Romine*, 59 Ind. 346 ; *Deutsch* v. *Korsmeier*, 59 Ind. 373.

There was evidence tending to show that, at the time of the conveyance in question, the partnership property held by the firm exceeded in value the amount of the partnership debts by several thousand dollars, and was apparently amply sufficient to pay all the partnership debts. There was a considerable difference in the opinion of witnesses, as to the value of the partnership property, but the jury had evidence before them, as to its value, sufficient to justify the verdict. The amount which property brings at a sale upon execution is not the sole crite-

rion by which to determine its value, even if it can be regarded at all as evidence of value.

The good faith of the transaction must be judged of by the condition of things at the time the conveyance was made. A conveyance is not to be adjudged fraudulent as against creditors, simply because it is voluntary. Whether it is fraudulent, is a question of fact. *Pence* v. *Croan*, 51 Ind. 336.

It follows that the question of the good faith of the transaction must be referred to the time the conveyance was made; and, if then made in good faith, without any intent to cheat, hinder, delay or defraud creditors, it can not be subsequently rendered fraudulent by the fact that the property of the firm may have failed to bring enough, at sale upon execution, to pay the debts of the firm.

We are of opinion, as before intimated, that the judgment below must be affirmed; but the affirmance will not, of course, affect the rights of the individual creditors of Mitchell, they not being parties to the action, nor prevent them from attacking the conveyance, if they shall see cause to do so, and can establish its fraudulent character as to them.

The judgment below is affirmed, with costs.