No. 9869.

## HUFF, ADMINISTRATOR, v. LUTZ.

PARTNERSHIP.—*Payment of Debts.*—*Decedents' Estates.*—A surviving partner who has not paid all of the partnership debts, but has paid thereon all the partnership assets and merely assumed and secured the balance, has no right of action against the estate of the deceased partner.

Whether, having paid all, he can look to the estate of the deceased, if it be insolvent, *quære.*

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellant.
*T. J. Kane* and *T. P. Davis,* for appellee.

BICKNELL, C. C.—The appellee in his complaint alleged that he and George Sperry were partners in a flouring-mill; that he, as surviving partner, under the order of the Delaware Circuit Court, converted the assets of the partnership into money; that the debts of the firm exceeded the amount realized from the assets by $1,394.46; that he has paid all of said debts except $1,404.62, and has only $10.16 left of the proceeds of said assets; that of said $1,394.46 each partner ought to pay one-half; that he has assumed to pay and has secured all of said $1,404.62, and that the creditors of the firm do not look to Sperry's estate for any part of it, so that he, as far as Sperry's estate is concerned, has paid it all, and that Sperry's estate is insolvent and insufficient to pay Sperry's individual debts. The complaint demands that the appellant, as Sperry's administrator, be required to pay the appellee $697.23, one-half of the joint debt thus assumed by him.

The defendant answered in two paragraphs:

1. That said debt was a partnership debt, and that said Sperry's estate was insolvent.

2. The general denial.

A demurrer to the first paragraph of answer was sustained. The issues were tried by the court, who found for the plaintiff $715. The defendant moved for a new trial, because,

1. The finding was contrary to the evidence.

2. It was not sustained by sufficient evidence.

3. The court erred in permitting Silas Helms to testify that he did not buy the partnership property subject to the mortgage thereon, but that said mortgage was to be paid by the surviving partner out of the purchase-money.

4. The damages were excessive.

The motion for a new trial was overruled, judgment was rendered upon the finding, and the defendant appealed.

The errors assigned are: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. Sustaining the demurrer to the first paragraph of the answer. 3. Overruling the motion for a new trial.

In *Weyer* v. *Thornburgh*, 15 Ind. 124, this court adopted the rule laid down by Chancellor Kent, as follows: " If the partnership creditors can not obtain payment out of the partnership estate, they can not in equity resort to the separate and private estate, until private and separate creditors are satisfied ; nor have the creditors of the individual partners any claim upon the partnership property, until all the partnership creditors are satisfied. The basis of the general rule is that the funds are to be liable on which the credit was given. In contracts with a partnership, the credit is supposed to be given to the firm, but those who deal with an individual member rely on his sufficiency." In *Bond* v. *Nave*, 62 Ind. 505, this court said : The case of *Weyer* v. *Thornburgh, supra,* "has been frequently approved by this court, and we think it is the better rule, notwithstanding in several of the States the law has been held otherwise." In *Hardy* v. *Mitchell*, 67 Ind. 485, this court again relied on *Weyer* v. *Thornburgh, supra,* and said : " It is well settled, as a general rule, that partnership property must be first applied to the payment of partnership debts, and individual property to the payment of individual debts ; and this rule is applicable where the principles of a court of equity are invoked in reaching and making distribution of assets." See, also, *Bake* v. *Smiley*, 84 Ind. 212.

The complaint in the case at bar, averring that both the

partnership and the estate of the deceased partner are insolvent, is an effort, substantially, to have individual property applied in payment of partnership debts.

The appellee relies on the case of *Olleman* v. *Reagan's Adm'r*, 28 Ind. 109. There, it was held that where a surviving partner, after exhausting the partnership assets, is compelled to pay the residue of the partnership debts with his own money, he is entitled to recover from the estate of the deceased partner a moiety of the amount thus paid.

There, as in the present case, the estate of the deceased partner was insufficient to pay his individual debts. The court said that one-half of the amount so paid by the surviving partner " was so much money advanced and paid by him for the use of the estate of the deceased partner. * * It was an individual debt due to the appellant from the estate of the decedent, and we are not aware of any principle of equity that denies him the right to a distributive share of the property of the decedent with the other separate creditors." The case at bar is not within the rule established by the decision just referred to. The complaint does not allege that the appellee has paid anything, nor that he has assumed any liability, nor that Sperry's estate has been released from the claim. The complaint says " He has assumed the payment of said $1,404.62, and, so far as Sperry's estate is concerned, has paid the same ; that he has assumed to the holders of said debt, and secured the same, the whole of said debt upon his property, and they do not look to said estate for the same, or for any of it."

This is not equivalent to a statement that he has paid and advanced money for the use of the decedent's estate, and does not bring the case within the ruling in *Olleman* v. *Reagan's Adm'r, supra.* The complaint did not state facts sufficient to constitute a cause of action. As the judgment must be reversed for this reason, we need not consider the other errors assigned.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at the costs of the appellee.