Filed March 28, 1884.

---

No. 11,015.

DILL ET AL. *v.* VOSS ET AL.

PARTNERSHIP. —*Lien.*—*Subrogation.* —*Parties.*— *Complaint.*—While W. D. and H. D. were partners in a milling business, G. recovered a judgment against H. D., then insolvent, for an individual debt.   The firm at the time was largely involved, and afterwards became insolvent, when H. D. conveyed his interest in the firm property to W. D., subject to the firm debts.   G. then obtained a decree against W. D. and H. D. setting aside this conveyance, and subjecting H. D.'s interest in the property to the payment of his judgment.   W. D. then paid off some of the partnership debts, and then formed a new firm with two strangers, conveying each an undivided third, the new firm to pay off the debts of the old firm, and make large repairs upon the mill, which they did.   In a suit by the members of the new firm to have these payments of the debts of the old firm, and for repairs, declared a lien on the property prior to the

lien of G.'s judgment, these facts were averred in the complaint, and also, that G. claimed priority and was threatening to sell on execution.

*Held,* that the complaint was bad on demurrer.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *C. D. Potter,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellees.

BICKNELL, C. C.—A demurrer was sustained to the appellants' complaint, and on this ruling error is assigned. The complaint states that, in January, 1874, the plaintiff William E. Dill and the defendant Henry Dill were partners in a flouring mill, and as such owed Mrs. ———— Dill $500 which they had used in paying for the mill property; that they also owed Alexander Jones $5,500, to secure which the mill property was mortgaged to him on January 11th, 1875; that on April 17th, 1876, said partnership was dissolved, and said Henry Dill conveyed his interest in said property to said William E. Dill, who then became the sole owner of the property, subject to the partnership debts; that on April 25th, 1876, the defendant Gray recovered a judgment against said Henry Dill for individual indebtedness, and also, in a subsequent suit against said William E. and Henry, obtained a decree setting aside said conveyance from Henry Dill to William E. Dill as fraudulent as against Henry Dill's individual creditors, and subjecting the interest of said Henry Dill to the payment of said defendant Gray's judgment.

That afterwards said William E. Dill paid off a part of Jones's mortgage, and then made a partnership with his co-plaintiffs, John H. Dill and Mary E. Dill, and conveyed to them an undivided two-thirds of the property, the agreement being that they should become equal partners with William E., and should assist in paying off the partnership debts and in making necessary repairs of the mill; that afterwards the new firm paid off the remainder of the Jones mortgage, $6.000, and paid Mrs. ———— Dill, her debt aforesaid, amounting to $500, and made repairs of the mill at a.

cost of $4,000, and that without these payments the property would have been lost by a foreclosure of the mortgage, and that without these repairs the mill would have become worthless.

That said Henry Dill was insolvent at the date of said Gray's judgment against him, and that said original firm was insolvent at the date of its dissolution, and is still insolvent; that the defendants are claiming that said Gray's judgment has priority over the claims of the plaintiffs on said mill, and are threatening to sell said Henry's interest in the property of the original firm free from the claims of the plaintiffs.

The complaint prays for an accounting between the plaintiffs and the defendants, and that the sum found due the plaintiffs for their said payments and repairs be declared a lien on said property prior to that of said Gray's judgment, and that the plaintiffs may have all proper relief.

It does not appear by the complaint whether or not Mary E. Dill, one of the plaintiffs, and a member of the new firm, is the Mrs. —— Dill, the creditor of the original firm, but the plaintiffs are not entitled to any relief. After the conveyance from Henry Dill to William E. Dill of Henry's interest in the partnership property had been declared void and set aside for fraud, and Henry's interest had been declared subject to Gray's judgment, the property remained *in statu quo*, and William E. Dill had no authority to convey two-thirds of it to his co-plaintiffs, and such conveyance gave the co-plaintiffs no rights as against the lien of Gray's judgment on the interest of Henry in the partnership property.

Gray has a right to sell on execution under his judgment the interest of Henry Dill in the partnership property, and that interest is his share in the surplus remaining after the partnership debts, existing at the time of the dissolution, are paid. *Donellan* v. *Hardy*, 57 Ind. 393; *Burgess* v. *Atkins*, 5 Blackf. 337.

Where a partnership is to be settled upon equitable prin-

·ciples, the rule is that the partnership creditors have a priority in the distribution of the partnership assets, and the individual creditors have a priority in the distribution of the individual assets. *Weyer* v. *Thornburgh*, 15 Ind. 124; *Frank* v. *Peters*, 9 Ind. 343; *Conant* v. *Frary*, 49 Ind. 530; *Bond* v. *Nave*, 62 Ind. 505.

In the present case there is no creditor of the original firm intervening; the only indebtedness of the original firm seems to have been the debt to Mrs. —— Dill, and the Jones mortgage; the allegation is that these debts are now paid; that they were paid in part by William E. Dill, who was always bound to pay them, and in part by the new firm, who were bound to pay them under the agreement by which the new firm was created.

The plaintiffs claim that so far as they have paid off any part of the mortgage debt or the debt to Mrs. —— Dill, they are entitled to subrogation. But there is no subrogation where a man pays his own debt. *Lowrey* v. *Byers*, 80 Ind. 443. And no subrogation can deprive the defendant Gray of his right to sell on execution the interest of Henry Dill in the partnership property. Even if William E. Dill, so far as he alone paid any part of the mortgage debt, had been entitled to subrogation, that would be of no advantage to the plaintiffs, because as to such payment there is no joint cause of action in the plaintiffs. Where two or more join as plaintiffs, and the complaint shows a cause of action in one of them only, it is bad upon demurrer for want of facts sufficient. *Berkshire* v. *Shultz*, 25 Ind. 523; *Goodnight* v. *Goar*, 30 Ind. 418; *Maple* v. *Beach*, 43 Ind. 51; *Sim* v. *Hurst*, 44 Ind. 579; *Yater* v. *State, ex rel.*, 58 Ind. 299; *Parker* v. *Small*, 58 Ind. 349; *Hyatt* v. *Cochran*, 85 Ind. 231. As to the repairs made by the new firm, the costs of such repairs can not be added, as against Gray the judgment creditor, to the partnership debts of the old firm. There was no error in sustaining the

demurrer to the complaint.    The judgment ought to be af-
firmed.

PER CURIAM.—It is therefore ordered, on the foregoing
opinion, that the judgment of the court below be and the
same is hereby in all things affirmed, at the costs of the ap-
pellant.

