## *In re* LOWE, Bankrupt.

(*District Court, D. Indiana.* 1884.)

1. BANKRUPTCY — FRAUDULENT CONVEYANCE BY BANKRUPT — WHEN JUDGMENT BECOMES LIEN.

   A judgment recovered, defendant having meantime made a fraudulent conveyance of his property, is deemed to have attached at the date of its rendition as if the fraudulent conveyance had never been made.

2. SAME—WHO TO BRING SUIT TO ANNUL.

   An action to annul a fraudulent conveyance by a bankrupt can be brought only in the name of the assignee. Failure, therefore, on the part of a creditor to anticipate the assignee in bringing such action cannot be deemed a lack of diligence.

3. SAME — PRIORITY OF JUDGMENTS AS LIENS — PARTNERSHIP AND INDIVIDUAL CLAIMS.

   Under the statutes of Indiana a judgment against a fraudulent grantor is made a lien, and accordingly he who obtains the first judgment is first in diligence, and, except as against innocent purchasers of the fraudulent grantee, first in right. But this rule is subject to the priorities, respectively, of partnership and individual creditors in and to partnership and individual property.

4. SAME—ASSIGNEE REPRESENTS ALL CREDITORS ALIKE.

   Assignee represents all creditors alike, and his recovery of property wrongfully conveyed must redound to the benefit of all interested, according to their several interests.

On Exceptions to Master's Report.

*Taylor, Rand & Taylor*, for themselves.

*McMaster & Boice*, for assignee.

WOODS, J. The facts shown by the report of the master are to the effect that on the second day of January, 1877, Taylor, Rand & Taylor recovered, in the superior court of Marion county, a judgment against Nahum H. Lowe. Lowe owned real estate in Marion county which, before the rendition of that judgment, he had conveyed to another with intent to cheat his creditors, the grantee not being a good-faith purchaser. After the rendition of this judgment Lowe was adjudged a bankrupt. The assignee afterwards obtained a decree against the grantee in said conveyance, declaring the same void; and Taylor, Rand & Taylor having presented a claim that their judgment constituted a lien upon the property from the date of rendition, the court ordered that the assignee sell the property and report the proceeds, and that all liens be transferred to the fund. Upon these facts the master reports that Taylor, Rand & Taylor have a lien as claimed which should be first satisfied. The assignee insists that this is not so; that the judgment did not constitute a lien so long as the title remained in the fraudulent grantee; and that the decree setting aside that sale, rendered at the suit of the assignee, inured to the benefit of the estate—that is to say, to the benefit of all creditors alike. This conclusion is based mainly upon the proposition that the assignee, having been first to institute suit to set the fraudulent conveyance aside, became entitled, by virtue of his superior diligence, to prefer-

ence over a judgment creditor who had failed to bring any such suit.

It seems clear, under the Indiana Statutes, (Rev. St. 1881, §§ 608, 752,) that the judgment of Taylor, Rand & Taylor became at once, upon rendition, a lien upon the real estate in question. Section 608 declares that such judgments "shall be a lien upon real estate and chattels real, liable to execution;" and by section 752 it is enacted that "lands fraudulently conveyed with intent to delay or defraud creditors" shall be liable to all judgments and attachments, and to be sold on execution against the debtor. It has been determined, too, that the sale upon execution may precede any suit or proceedings to set aside or annul the fraudulent conveyance. *Frakes* v. *Brown*, 2 Blackf. 295. It is not deemed necessary now to determine whether or not there may be a race of diligence between the owners of different judgments in such a case, or whether or not, when the conveyance has been set aside at the suit of any of them, the lien of each judgment must be deemed to have attached at the date of its rendition, as if the fraudulent conveyance had never been made. The latter would seem to be the logical conclusion. The complaint to set the conveyance aside must aver the facts which show that the property is subject to the lien of judgments already rendered against the fraudulent grantor, and the complainant cannot well disclaim or escape the result; certainly not on the pretense that he had, in ignorance of the facts or of the legal consequence, put forth effort or incurred costs which should not be turned to the benefit of another. Indeed, the very doctrine of superior diligence would seem to lead to the same conclusion, when properly applied.

Under the statute a judgment against the fraudulent grantor is made a lien, and consequently he who obtains the first judgment is first in diligence, and thereafter, except as against innocent purchasers of the fraudulent grantee, should be deemed to be first in right, unless by actual neglect or abandonment of his claim, or by other affirmative act, he lose his preference. If this is not so, a judgment creditor, who delayed for a day in procuring the issue and levy of an execution, or in commencing proceedings to annul the fraudulent transfer, might find himself postponed to another, who had no judgment, but, in the mean time, had brought a single suit (as may be done in this state) to obtain a judgment and to avoid the fraudulent deed. On this subject see *Hardy* v. *Mitchell*, 67 Ind. 485; *Hanna* v. *Aebker*, 84 Ind. 411. But, however this may be, I think it quite clear that the doctrine proposed cannot apply when the fraudulent conveyance has been annulled at the instance of the assignee in bankruptcy of the fraudulent grantor. By express provision of the bankrupt law, all property of the bankrupt, conveyed in fraud of his creditors, is, by virtue of the adjudication, and by the appointment of an assignee, vested in the assignee, to whom also the power and authority are given "to manage, dispose of, sue for, and recover all his property or estate, real or personal, debts or effects, and to defend all suits at law

or in equity pending against the bankrupt." 14 St. 525. Accordingly it has been held, and is well settled, that after the appointment of an assignee in bankruptcy, an action by a creditor to set aside a fraudulent conveyance of the bankrupt or to reach, in any way, property fraudulently transferred, cannot be maintained, and that the remedy must be had in a suit or action by or in the name of the assignee. *Glenny* v. *Langdon,* 98 U. S. 20; *Trimble* v. *Woodhead,* 102 U. S. 647; *Moyer* v. *Dewey,* 103 U. S. 301. The bankrupt law, moreover, provides for the protection of existing liens upon all property vested in the assignee. It follows clearly that the assignee is the representative of all creditors alike, and if he obtains a decree for the recovery of property fraudulently conveyed, it is for the benefit of all interested, according to their respective interests. There is certainly no room for the proposition that the judgment creditor, by failing to sue in his own name, (when forbidden so to do by the law which gave the assignee the right to sue,) lost any right which he had, and by superior diligence might have saved.

Another objection to the report is that the judgment of Taylor, Rand & Taylor is not in fact the oldest, and therefore not entitled to preference. It is in fact not the oldest unsatisfied judgment; but the older judgments against *Lowe* were all rendered against him as one of a firm, and in favor of partnership creditors; while the judgment of Taylor, Rand & Taylor is for the individual debt of *Lowe,* and therefore properly first payable out of this fund which was derived wholly from *Lowe's* individual property. *Hardy* v. *Mitchell, supra; Weyer* v. *Thornburgh,* 15 Ind. 125; *Dean* v. *Phillips,* 17 Ind. 406; *Bond* v. *Nave,* 62 Ind. 505; *Nat. Bank* v. *Locke,* 89 Ind 428.

Judgment liens, except in Indiana, as against innocent purchasers, are subject to prior equities in the property. Freem. Judgm. §§ 356, 357; *Glidewell* v. *Spaugh,* 26 Ind. 319; *Jones* v. *Rhoads,* 74 Ind. 510; *Huffman* v. *Copeland,* 86 Ind. 224, and cases cited.

It follows that the remainder due upon the judgment of Taylor, Rand & Taylor should be first paid. So ordered.