The State, *ex rel.* Talbott *et al., v.* Emmons *et al.*

Filed Jan. 10, 1885.

---

No. 11,394.

The State, ex rel. Talbott et al., *v.* Emmons et al.

Partnership. Property.—*Exemption.*—*Individual Debt.*—One partner can not claim the partnership property, or any specific part thereof, as exempt from sale on an execution against him for his individual debt.

Same.—*Assets and Liabilities Equal.* — *Suit against Sheriff.* — *Damages.*—Where, in such a case, the partner claims his interest in the partnership property as exempt from sale on the execution, and the sheriff allows such exemption and returns the writ unsatisfied, and where, in a suit against the sheriff and his sureties, by the execution plaintiffs, to recover damages for the sheriff's failure to levy upon and sell the partner's interest in the partnership property, the court finds that the assets and liabilities of the partnership were equal in amount, and that the partner's interest in such property was of no value, and renders judgment thereon, in favor of such execution plaintiffs, for merely nominal damages, there is no such error in the judgment as authorizes the reversal thereof.

From the Putnam Circuit Court.

*C. C. Nave,* for appellants.

*L. M. Campbell,* for appellees.

Howk, J.—This suit was commenced by the appellant's relators against the appellees in the Hendricks Circuit Court. The relators' complaint counted upon the official bond of the appellee James M. Emmons, as sheriff of Hendricks county, and sought to recover damages for an alleged breach of his official duty, as such sheriff, in this: That he had failed and neglected to levy and collect a certain execution in his hands as such sheriff, in favor of the relators and against one Samuel H. Moore, etc. On the relators' application the venue of the cause was changed to the court below. There the cause was put at issue and tried by the court, and, at the appellees' request, the court made a special finding of the facts, and stated its conclusions of law thereon in favor of the relators, assessing their damages in the sum of one cent. Over the relators' exceptions to the conclusions of law, the court rendered judgment that they recover one cent damages, and that the appellees recover their costs.

The first error complained of in argument by the relators' counsel is the alleged error of the court in its conclusions of law upon the facts specially found. The court found specially that, prior to December 1st, 1880, the appellee Emmons had been elected sheriff of Hendricks county, for the term of two years, from November 7th, 1880, and had executed and delivered his official bond in the penal sum of $5,000, with his co-appellees as his sureties therein, and had taken the oath of office, and, on December 1st, 1880, had entered upon the discharge of his official duties; that, on June 8th, 1880, the relators recovered a judgment in the Hendricks Circuit Court against Samuel H. Moore for $475, upon an express contract, without relief from valuation laws; that, on January 19th, 1881, the relators sued out an execution on such judgment, and, on January 21st, 1881, placed the same in the hands of appellee Emmons, as such sheriff, which execu-

tion was returned on the 22d day of April, 1881; that the execution defendant had claimed the benefit of the exemption law, and that all his property had been set off to him thereunder; that, on August 27th, 1881, the relators caused an *alias* execution to issue upon their judgment, which writ came to the hands of appellee Emmons, as such sheriff, on the same day; that, on October 20th, 1881, the execution defendant filed his schedule with appellee Emmons, as such sheriff, claiming the benefit of the exemption law of this State, and his property was duly appraised, and, being of less value than $300, was again set off to him, and the execution was returned unsatisfied; that during all such time, from January 19th, 1881, to October 20th, 1881, the execution defendant, Samuel H. Moore, was in copartnership with his son in the town of Danville, in Hendricks county, in a confectionery and restaurant, under the firm name of Samuel H. Moore & Son, they being equal partners, in which they had during all such time a stock of goods of the value of $550, which was partnership property belonging to such firm; and that, during all such time, the firm owed and was indebted in the sum of $550; that one-half of the value of the stock of goods was $275, and that the interest of Samuel H. Moore therein subject to the payment of partnership debts was of no value; that the execution defendant claimed his interest in the firm property, which was appraised at $100, as exempt from execution, and such interest was set off and exempted to him, under his claim of $300, as exempt from execution, which was done over the protest and against the directions of the relators' attorneys; that such judgment still remained wholly unsatisfied; that the execution defendant, Samuel H. Moore, during all such time, from January 19th to October 20th, 1881, was a resident householder of Hendricks county, and the head of a family.

Upon the foregoing facts the court stated its conclusions of law as follows:

The State, *ex rel.* Talbott *et al., v.* Emmons *et al.*

1. That the execution defendant, Samuel H. Moore, was not entitled to claim his interest in the firm property as exempt from execution under the exemption laws of Indiana; and,

2. That the relators were entitled to recover of the appellees the value of the interest of Samuel H. Moore in the partnership property, subject to the payment of the debts of such partnership, and no more.

There was no motion below by the appellant's relators either for a new trial or for a *venire de novo,* and the evidence is not in the record. By their exceptions to the conclusions of law, the relators admitted that the facts were fully and correctly found, but they said that the court had erred in applying the law to the facts so found in its conclusions of law. *Cruzan* v. *Smith,* 41 Ind. 288. Of course, the relators might have called in question the correctness of the facts specially found, or the failure of the court to find facts which were proved, by motions either for a new trial or for a *venire de novo,* but, as we have said, no such motions were addressed to the trial court. *Robinson* v. *Snyder,* 74 Ind. 110; *Braden* v. *Graves,* 85 Ind. 92; *Dodge* v. *Pope,* 93 Ind. 480; *Fairbanks* v. *Meyers,* 98 Ind. 92.

The appellees, as well as the relators of the appellant, excepted to the court's conclusions of law, but no cross error has been assigned by appellees. Their counsel suggest in argument that the trial court erred in holding, in its first conclusion of law, that the execution defendant was not entitled to claim his interest in the firm property, as exempt from execution, under the exemption laws of this State. We are not certain that we correctly understand the language used by the court in its first conclusion of law. If it was meant that the execution defendant was not entitled to claim a specific part or share of the firm property, or his interest therein, as exempt from execution, the holding of the court was clearly right, under the decisions of this court. *Love* v. *Blair,* 72

Ind. 281; *Smith* v. *Harris,* 76 Ind. 104.   In a legal sense,. however, the interest of a partner in partnership property is not an interest in the specific property, but an interest in what may remain of the partnership assets, after the payment and discharge of all debts and liabilities of the firm to third persons and to each other, upon the close of the copartnership business.   *Donellan* v. *Hardy,* 57 Ind. 393.   We can see no good reason why an execution defendant might not claim such an interest in partnership property, as exempt from execution upon his individual debt, if the value of such interest did not exceed the amount exempted by law.   We decide nothing upon this point, however, as it is not necessary that we should do so in this case.   The first conclusion of law was favorable to the relators, and the appellees have not complained of it by an assignment of cross error.

The court found as facts that the execution defendant was a member of a firm whose liabilities were at all times equal to its assets, and that his individual interest in the firm's property was, therefore, of no value. As a conclusion of law,. however, the court held that this valueless interest in the firm's property was not exempt from sale on execution.   As a further conclusion of law upon all the facts specially found by the court, it was further held that the relators were entitled to recover of the appellees the value of the interest of the execution defendant in the partnership property, and no more; and upon this conclusion of law the court rendered judgment for the relators in merely nominal damages.   The second conclusion of law and the judgment accordingly rest, of course, upon the well settled rule of law, at least, in this court, that partnership property must be first applied to the payment of partnership debts to their entire satisfaction, before any part of such property can be made applicable, in law or equity, to the payment of an individual debt of any member of the partnership.   *Weyer* v. *Thornburgh,* 15 Ind. 124;. *Bond* v. *Nave,* 62 Ind. 505; *Hardy* v. *Mitchell,* 67 Ind. 485 ;.

*Bake* v. *Smiley,* 84 Ind. 212; *Huff* v. *Lutz,* 87 Ind. 471; *Louden* v. *Ball,* 93 Ind. 232; *Dill* v. *Voss,* 94 Ind. 590. If the share or interest of the execution defendant in the partnership property had not been set off to him as exempt from execution, but had been sold on the execution, and the relators had become the purchasers thereof, they would have acquired no interest whatever in the property itself, but only the individul share of the execution defendant in the surplus remaining after all the partnership debts and prior liens had been fully paid. *Donellan* v. *Hardy, supra.*

We conclude, therefore, that upon the facts specially found there was no such error in the court's conclusions of law as would authorize the reversal of the judgment.

Appellant's relators have also assigned as error the overruling of their demurrer to the second paragraph of appellees' answer. By this alleged error substantially the same questions are presented as those already considered. It was alleged, among other things, that the execution defendant Samuel H. Moore was a householder and head of a family, in Hendricks county, and that during all the time mentioned in the relators' complaint, he never had or owned any property in such county, subject to execution; that he made and filed with appellee Emmons, as such sheriff, a schedule of all his property, as required by the statute, which was duly appraised at the sum of $177; that he claimed all such property as exempt from execution, and that the same was set off to him, etc.

We think the paragraph of answer was sufficient to withstand the relators' demurrer, as it stated in substance all the material facts specially found by the court.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Jan. 6, 1885.