## CATHARINE BOPP

*v.*

## THOMAS D. FOX *et al.*

1. PARTNERSHIP—*when real estate is held as partnership property.* Four persons, under a verbal agreement to go into partnership, purchase land and erect a flouring mill thereon, purchased land for that purpose, each paying $750 of the first payment, and the same was conveyed to them by their several names, so that each held the legal title to an undivided one-fourth. About two months after the purchase, written articles of partnership were entered into, and the mill was built, the cost being paid by each as the work progressed: *Held,* that the land, with the improvements, was partnership property; that written articles were not necessary to constitute the partnership, and that it mattered not whether the purchase was made with a joint fund, previously formed by contributions from each of the parties of a proportional part, or whether each one separately paid his proportionate part of the purchase money, the essential thing being whether it was paid as partnership money, for partnership purposes.

2. SAME—*nature of partner's interest in land.* Partnership property is primarily liable for the payment of partnership debts, and the true and actual interest of each partner in the partnership stock is the balance found to be due to him after the payment of all the partnership debts, and the adjustment of the partnership account between him and his co-partners. In equity real estate, in this respect, stands on the same footing, no matter in whom the legal title may be vested.

3. DOWER—*in partnership lands.* Where lands are held for partnership uses, although the legal title may be in the partners individually, they will hold the same in equity, subject to an implied trust that it shall be applied to the payment of the partnership debts, and the widow of a deceased partner will not be entitled to dower in such land until the trust is fully executed and fulfilled

4. SAME. In this case four persons agreed, verbally, to form a partnership in the milling business, and purchased land on which to erect the necessary buildings, each paying one-fourth of the cost, and the land was conveyed to them by their individual names. They then entered into written articles, erected the mill at a cost of $40,000, and carried on the business in partnership for several years, when the firm became largely involved with debt above its assets. On bill by two of the partners against the others for a dissolution of the partnership, a receiver was appointed and the land, including the mill, was sold for the payment of the debts of the firm. After the death of one of the partners his widow filed her bill for dower in this property: *Held,* that as the interest of the husband had been applied to the purposes of the implied trust, under which he held the legal title, his widow was not entitled to dower.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. F. A. LIETZE, for the appellant.

Mr. WM. WINKELMAN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition in equity, on the part of Catharine Bopp, for the assignment of dower in the real estate of her deceased husband, Louis Bopp.

The claim of dower is in the one undivided one-fourth part of certain premises, by virtue of a conveyance thereof to Frederick Weaver, John Schuchman, Henry Burmeister and Louis Bopp, on the 8th day of March, 1865.

The defendants set up in resistance to the claim that they were purchasers of the whole of the premises at a receiver's sale thereof, made on the 13th of August, 1870, under an order of court in a certain suit for the dissolution of a co-partnership between the said Weaver, Schuchman, Burmeister and Bopp, in which suit the said Weaver and Burmeister were complainants, and said Schuchman and Bopp were defendants; and that the said premises were bought with partnership funds for partnership purposes.

The only questions made on the record are, whether the premises were so purchased with partnership funds for partnership purposes, and if so, whether they were subject to the claim of dower.

It appears from the proofs, that, about two weeks previous to the purchase of the land, Weaver, Schuchman, Burmeister and Bopp entered into a verbal agreement to go into partnership, to buy the land, and to erect a flouring mill thereon for the purpose of carrying on the milling business; that it was understood they would afterwards enter into articles of co-partnership, which they did about two months after the purchase, assuming the firm name of John Schuchman & Co., under which they carried on business unsuccessfully until the fall of 1869; that in pursuance of said verbal agreement they made the purchase, $3000 being paid down and the balance in about four or six weeks afterwards. Each paid a proportionate part of the purchase price, each one, on the first payment, paying $750 down. The deed was made to them all in their individual names. They commenced building the mill about a month after the purchase, and the money for the purpose was paid by them as the mill progressed; the cost of the mill was about $40,000. At the time of the decree of dissolution of the partnership by the court the liabilities of the partnership exceeded its assets by $12,000 or $13,000, of which amount Louis Bopp was indebted to the company in the sum of about $3000.

It is first objected that the payments for this land were not made out of partnership funds, and that there was no partnership in existence at the time of the purchase; that no partnership was formed until the written articles of co-partnership were entered into.

Written articles were not necessary to constitute the partnership; it might as well exist under a verbal agreement.

As we regard it, there was not here a mere executory agreement to enter into partnership at such a future time as when the articles of co-partnership should be drawn up, but there was a present verbal agreement of partnership, although the drawing up of the articles to evidence its existence was deferred to a subsequent time; and the purchase of this land, and the commencement of the erection of the mill upon it, were steps taken in the carrying on of the operations of a partnership already formed under the verbal agreement.

As regards the purchase not having been made with partnership funds, in our view, it matters little, in this respect, whether the purchase was made with a joint fund, previously formed by contributions from each of the parties of a proportional part, or whether each one separately paid his proportional part of the purchase money, the essential thing being whether it was paid as partnership money for a partnership purpose.

We consider this was essentially a purchase with partnership funds for partnership purposes. The property was required for the payment of partnership debts, and was duly appropriated to that purpose.

Under such circumstances, does a right of dower attach in favor of the widow of one of the co-partners, in whose individual name stood the legal title, to the undivided one-fourth part of the land?

It is a well known rule, governing the relation of partnership, that partnership property must first be applied to the payment of partnership debts, and that the true and actual interest of each partner in the partnership stock is the balance

found due to him after the payment of all the partnership debts and the adjustment of the partnership account between himself and his co-partners. And in equity real estate forms no exception, but stands on the same footing, in this respect, with personal property, no matter in whom the legal title may be vested.

Although Louis Bopp took the legal title to one-fourth of this land, in the view of a court of equity he never had any beneficial interest in it distinct from the partnership purposes, but he took it clothed with an implied trust that it should be applied to the payment of the partnership debts if necessary, and his widow was not entitled to her dower until this trust was fully executed and fulfilled.

These views and principles we regard as just, and as amply sustained by the great weight of authority.

For a full consideration of the subject and authorities bearing upon it, we refer to *Buchan* v. *Sumner*, 2 Barb. Ch. R. 165; *Dyer* v. *Clark*, 5 Metc. 562; *Howard* v. *Priest*, id. 582; Collyer on Part. (Perkins' Ed.) 123, *et seq.* and notes.

It was supposed in the argument to make a difference that there were no partnership debts existing at the time the land was purchased, but we find no such limitation of the rule. The title was taken by Bopp chargeable not only for the payment of the partnership debts existing at the time of the purchase, but for the payment of any partnership liability that might be found to exist at the time of winding up the partnership concerns.

The interest of Louis Bopp in the land having been applied to the purpose of the implied trust upon which it was taken—the payment of the partnership debts if necessary for that purpose—his widow is not entitled to dower.

The court below should have dismissed the petition, instead of allowing dower, as it did, in the land, exclusive of the mill improvements.

The decree is reversed on the cross error assigned.

*Decree reversed.*