BURADELLA G. SIMPSON

*v.*

SAMUEL G. LEECH.

1. DOWER — *partnership real estate.* A widow has no dower in partnership real estate until all partnership debts have been paid and until all accounts between the copartners have been adjusted, and any mode of sale that passes the title to the property for that purpose will bar her claim to dower.

2. PARTNERSHIP — *partners' interest in real estate.* The true and actual interest of each partner in the partnership stock is the balance found due him after the payment of all partnership debts and the adjustment of the partnership accounts, and real estate forms no exception, but stands upon the same footing as personalty, no matter in whom the legal title may be vested.

WRIT OF ERROR to the Circuit Court of Peoria County ; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. BANGS, SHAW & EDWARDS, for the plaintiff in error.

Mr. G. S. ELDRIDGE, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The estate in which petitioner claims dower was partnership property, and belonged to a firm of which her husband was a member. A part of the property was mortgaged by

the individual members of the firm, in whom was the legal title, to secure firm indebtedness. Petitioner did not join in the execution of the mortgage, nor was she made a defendant to the bill to foreclose it. No redemption having been made by the mortgagors from the sale under the decree of foreclosure within twelve months, other creditors, within fifteen months from the date of the sale, caused an execution issued on a judgment against the firm to be levied upon the mortgaged property, and redeemed it from the prior sale. Under the latter sale defendant acquired title to the property. The other tract described was levied upon by an execution issued on a judgment recovered against the firm for partnership indebtedness, and from the purchaser at a sale made thereon defendant obtained title. All the facts material to a decision are either admitted or are so fully proven as to bar all controversy.

Whatever diversity there may be in the decisions of other courts on the question made, whether a widow is entitled to dower in lands that were partnership property that belonged to a firm of which her husband was a member in his lifetime, and that were sold to pay partnership indebtedness, it is not a new question in this court, and we do not feel called upon to enter upon any elaborate discussion of it. The exact question arose in *Bopp* v. *Fox et al.* 63 Ill. 540, and the conclusion was, in such cases the widow had no dower. It was there said partnership property must first be applied to the payment of partnership debts; and the true and actual interest of each partner in the partnership stock is the balance found due to him after payment of all partnership debts and adjustment of partnership accounts between himself and copartners; and in equity real estate forms no exception, but stands on the same footing, in this respect, with personal property, no matter in whom the legal title may be vested. In support of the views expressed in that case, reference was made to *Dyer* v. *Clark*, 5 Metc. 562, and to *Howard* v. *Priest*, 5 Metc. 582, where this whole doctrine is most elaborately discussed.

We are not aware it makes any difference how the property was appropriated to the payment of partnership indebtedness — whether under a mortgage, or execution sale, or under a decree of court for that purpose, or by the acts of the members of the firm.   The principle is, a widow has no dower in partnership real estate until all partnership debts have been paid and until all accounts between copartners have been adjusted, and any mode of sale that passes the title to the property for that purpose, it is apprehended, will bar the widow's claim to dower.

Whether demandant has a technical claim to dower in the premises, that might be asserted in a court of law unless barred by a decree in some proceeding to which she was made a party, is not necessary to be considered.   She has chosen to come into a court of equity; and it is made to appear she has no equitable claim to dower in these lands that are conceded to have been partnership property; and she will not be permitted to invoke the aid of a court of conscience to give her that to which she has no equitable title.

The decree will be affirmed.

*Decree affirmed.*