JAMES A. TROWBRIDGE

*v.*

GEORGE H. CROSS.

*Filed at Springfield May 24, 1886.*

1. PARTNERSHIP LANDS—HOMESTEAD—*rights of partners as between themselves—and as to creditors.* One partner can not acquire and hold a homestead estate in real estate of the firm, as against a partnership debt, and without the consent of his co-partners.

2. The true and actual interest of each partner in the partnership stock, including its lands, is the balance found due to him after the payment of all partnership debts, and the adjustment of the partnership account between himself and his co-partners. In equity, partnership land stands on the same footing as personal property. Such lands are not subject to dower or homestead.

APPEAL from the Circuit Court of DeWitt county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. FULLER, MONSON, & INGHAM, for the appellant:

A partner has no such interest in land of his firm, before payment of the partnership debts and the adjustment of the partnership accounts, as will form the basis for dower or homestead. As to the nature of his right as respects partnership lands, see *Bopp* v. *Fox*, 63 Ill. 540 ; *Parker* v. *Merritt*, 105 id. 293 ; *Simpson* v. *Leech*, 86 id. 286 ; *Ladd* v. *Griswold*, 4 Gilm. 37 ; *Hapgood* v. *Conwell*, 68 Ill. 65 ; *Rainey* v. *Nance*, 54 id. 29.

So it has been held that the right to a homestead exemption does not exist in partnership land in favor of one partner. *Amphlett* v. *Hibbard*, 29 Mich. 298 ; *Kingsley* v. *Kingsley*, 39 Cal. 666 ; *Rhodes* v. *Williams*, 12 Nev. 20 ; *Pond* v. *Kimball*, 101 Mass. 105 ; *Harris* v. *Burns*, 67 N. C. 140 ; Thompson on Exemption, 216.

It has been held in Indiana, and elsewhere, that a partner is not entitled to his exemptions out of partnership property, to the exclusion of partnership debts. *Love* v. *Blair*, 72 Ind. 281 ; *Smith* v. *Harris*, 76 id. 104 ; *State* v. *Emmons*, 99 id. 452 ; *Gaylord* v. *Imhoff*, 26 Ohio St. 320 ; *Guptil* v. *McFie*, 9 Kan. 30 ; *State* v. *Spencer*, 64 Mo. 356.

Mr. R. A. LEMON, for the appellee:

The act giving a homestead applies to a mere possessory title. (Freeman on Execution, sec. 242.) Section 3, by enumerating the cases in which no homestead shall vest, shows an intent that it shall apply in all other cases. *Board of Trustees* v. *Beale*, 98 Ill. 248.

The exemption of partnership goods is allowed a partner against a firm debt. *McMasters* v. *Alsup*, 85 Ill. 157 ; *Gilman* v. *Williams*, 7 Wis. 329 ; *Stewart* v. *Brown*, 37 N. Y. 350 ; *Radcliffe* v. *Wood*, 25 Barb. 52.

Thompson, in his work on Homesteads and Exemptions, holds that the right of exemption exists in favor of co-partners. (Sec. 216.) As a general rule, a part interest is, in

most of the States, as much exempt from execution as though it were an interest in severalty. Freeman on Executions, sec. 221.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of ejectment, brought by James A. Trowbridge, against George H. Cross, to recover a certain tract of land in De Witt county. The land originally belonged to Gilbert Beebe, who conveyed it to Cross & Bennett, a firm composed of George H. Cross and Orlando B. Bennett, formed for the purpose of manufacturing and selling tile. A mill was erected on the land, and the business of the firm was conducted on the property. Cross, one of the partners, erected a house on the property, which he occupied with his family. The firm contracted a debt in the transaction of its business, upon which a judgment was rendered. An execution was issued, and levied on the land in question, which was sold, and no redemption having been made, the title passed to Trowbridge, who brought this action to recover the land. The defendant, Cross, claims that the property was his homestead, and, as such, was not liable to levy and sale in satisfaction of the judgment, and this is the only defence relied upon to defeat a recovery. On the trial the circuit court held that the property was not liable to sale on the judgment, and rendered a judgment against the plaintiff for costs. The plaintiff appealed. The other member of the firm (Bennett) does not consent or agree that Cross shall have a homestead in the property, and the only question which has been argued, and the only one presented by the record, is, whether one member of a firm can hold a homestead estate in the real estate of the firm as against a co-partnership debt, and without the consent of the co-partner.

Section 1 of our statute in relation to homestead exemptions, provides "that every householder having a family shall be entitled to an estate of homestead to the extent in value of

$1000 in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence." The statute also provides that such homestead shall be exempt from sale on judgment for the payment of debts. This statute has always received a liberal construction in favor of those claiming its protection, it being the policy of our law to afford a home for a failing debtor and his family, out of his property, not exceeding in value $1000, when actually occupied as a residence by a householder. But whether this statute has any application to partnership property, is a question which has never been presented directly to this court.

In Thompson on Homesteads and Exemptions, sec. 196, it is said: "That a single partner can not claim an exemption out of unsettled partnership assets, is settled by a decided weight of authority." In Pond v. Kimball, 101 Mass. 105, the Supreme Court of Massachusetts held that the exemption is several, and not joint. "It applies to the debtor in the singular number, and is personal and individual only." It was also held that property purchased with the joint funds of the firm, and constituting a portion of its capital, must necessarily be subject to all the incidents of partnership property. The same rule was adopted in Guptil v. McFie, 9 Kan. 35, Gaylord v. Imhoff, 26 Ohio St. 317, and Rhodes v. Williams, 12 Nev. 20. In Indiana the Supreme Court of that State has held in a number of cases that one partner can not hold a portion of the partnership property as exempt. State v. Emmons, 99 Ind. 452; Love v. Blair, 72 id. 281; Ex parte Hopkins, 104 id. 157. The same rule has been adopted in other States. In Iowa and New York a different rule prevails. Hewitt v. Rankin, 41 Iowa, 35; Stewart v. Brown, 37 N. Y. 350.

It will not, however, in the view we take of the question, be necessary to enter upon an extended review of the decisions of courts of other States, as we are of opinion that our court

has established a rule in regard to partnership property, which, in effect, when carried to its logical result, must be conclusive of the question involved.

It will be conceded that there is a wide difference between real estate held by a failing debtor in his own right and real estate owned by a firm, and it may well be doubted whether co-partnership property was within the contemplation of the legislature when the exemption statute was enacted. In Story on Partnership, sec. 360, in discussing the nature and character of firm property, the author said: "As between the partners themselves, the debts and liabilities of the firm to creditors and third persons, they (the assets) are a fund appropriated in the first instance to the discharge and payment of such debts and liabilities, and there is, properly speaking, as between them, a lien thereon, or at least an equity, which may be enforced through the partners in favor of creditors, although it may not directly attach in the creditors by virtue of their original claims in all cases." The doctrine announced by Story was sanctioned and approved by this court in *Rainey* v. *Nance*, 54 Ill. 30. It is there said, as to the order in which debts against the firm and then against the individual members of the firm shall be paid, it is the settled rule that no one partner has a right or share in the firm property except the portion which remains after full payment of all debts and liabilities of the partnership; and it thence follows that each partner has a right to have the same applied to the due discharge and payment of all such debts and liabilities before any of the partners, or his personal representatives, or his individual creditors, can claim any right to the same. In *Bopp* v. *Fox*, 63 Ill. 540, the same principle is announced, and in the decision of the case it is there said: "It is a well known rule governing the relation of partnerships, that partnership property must first be applied to the payment of partnership debts, and that the true and actual interest of each partner in the partnership stock is the balance found due

to him after the payment of all partnership debts, and the adjustment of the partnership account between himself and his co-partners; and in equity real estate forms no exception, but stands on the same footing in this respect with personal property, no matter in whom the legal title may be vested." In the case cited the court also held that a partner who took the legal title to one-fourth of the land, in equity never had any beneficial interest in the land distinct from partnership purposes,—that he took the title to the land clothed with an implied trust that it should be applied to the payment of the partnership debts, if necessary. In the same case it was held that a widow of a deceased partner was not entitled to dower in partnership real estate until all partnership debts have been paid, and the accounts between the partners have been adjusted. This case was followed by *Simpson* v. *Leech*, 86 Ill. 286, where the same rule was declared.

If the property here involved is to be regarded as personal property as to the rights and interest of the partner, Cross, so long as there were partnership debts, then it would seem plain that the right of homestead provided by the statute could not be invoked, as an estate of homestead can not be predicated on personal property. Or, if the co-partner, Cross, took the property clothed with an implied trust that it should be applied in the payment of partnership debts, as held in the case cited, he could have no interest whatever in the land after it had been appropriated to that purpose, as was done when it was sold in satisfaction of a partnership liability. After the property had been taken and sold for partnership liabilities, there was nothing left upon which a homestead right could be predicated. We are committed to the rule that the right of dower will not attach to partnership real estate as against partnership liabilities, and if dower will not, it is difficult to perceive any principle upon which it can be held that the right of homestead can be sustained. The right of dower is denied because the partner has no beneficial interest in the

property distinct from partnership purposes. The right of homestead may be denied for the same reason, upon the ground that the property must primarily be devoted to the payment of partnership liabilities, and that a partner has no interest in the property upon which a homestead can be based, until the partnership debts are paid. As was said before, we do not think that our statute in regard to homestead was intended to apply to partnership property, but the object was to exempt individual property,—such property as a householder might acquire, not as a partner of a firm, but in his own individual right; and where property is purchased by a firm, the title is held subject to all the incidents of partnership property.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*