# Benjamin Heckle
## v.
# William Grewe.

*Exemptions—Sale under Execution—Double Damages—Interest of Tenant in Common.*

The statute providing for double damages for levying upon and selling, under execution, personal property claimed to be exempt, applies to the interest of a tenant in common of indivisible chattels.

[Opinion filed November 18, 1887.]

Appeal from the Circuit Court of Adams County; the Hon. Wm. Marsh, Judge, presiding.

Mr. George W. Fogg, for appellant.

Messrs. Carter & Govert, for appellee.

Pleasants, J.   In an action of trespass under the statute appellee recovered judgment below for double damages against appellant, the Sheriff, for levying upon and selling under execution personal property claimed to be exempt.

The question arising upon this record is whether the statute applies as well to the interest of a tenant in common of indivisible chattels as to other kinds of personal property. We think it does.

It requires the debtor desiring to avail himself of its benefits to make out under oath and deliver to the officer a "schedule of all of his personal property of every kind and character, including money on hand and debts due and owing to him," and allows him, after its appraisement as directed, to "select from such schedule the articles he may desire to retain, the aggregate value of which shall not exceed the amount exempted to which he may be entitled." The schedule is to embrace all of his property "of every kind and character," and his right of selection therefrom is limited only in reference to "value." That a half interest as tenant in common of a horse is personal property of one kind or character, need not be argued. Counsel contend, however, that it is not an "article," because it is not tangible. Nor is a "debt due and owing." Every item of property that may be scheduled and is his property is an "article" that he may retain, unless its value forbids.

Many of the authorities distinguish between the interest of a co-partner and that of a tenant in common, and hold that the former is not within the exempting acts. The ground of distinction seems to be in the nature of the title. The co-partner has no interest in any article of firm property that is either absolute in character or certain in quantity, until after a settlement of the partnership affairs. In other words, he has none at all except for partnership purposes. He can not withdraw it from the uses and liabilities to which it is subject as firm property and appropriate it or any undivided interest therein to his own individual use exclusively. As he can not lawfully do so by personal use or any mode of assignment to another, so he can not by claim of exemption under the

statute. In an important practical sense it is not in the language of the act, "his property." See Thompson on Homestead and Exemptions, Sec. 194 *et seq.* Trowbridge v. Cross, 117 Ill. 109.

The interest of a tenant in common may be certain. He may avail himself of it exclusively by any manner of appropriation of which it is in its nature susceptible, by personal use of the chattel, several or joint, or by sale, exchange or assignment for any lawful purpose, and without consent of his co-tenant. Why, then, should he not be allowed to claim it as exempt, that he may so use it? Thompson on Homestead and Exemptions, Sec. 192; Radcliffe v. Wood, 25 Barb. 52; Servanti v. Lusk, 43 Cal. 238.

We are not aware of any decision of this question by our own Supreme Court. The case of McMasters v. Alsop, 85 Ill. 157, involved partnership property and was disposed of on other grounds. Upon the terms and reason of the statute we hold that the interest of appellee here in question was exempt, and the judgment will therefore be affirmed.

