SAMUEL A. R. WILLS

v.

SOLOMON DOWNS, ASSIGNEE, ETC.

*Exemptions—Partnership Property.*

The head of a family is not entitled to claim his statutory exemptions out of the property of a firm of which he is a member, and neither the dissolution of the firm, nor the consent of his partners, gives him any greater right to make such claim as against firm creditors.

[Opinion filed November 21, 1890.]

IN ERROR to the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Mr. THOMAS F. TIPTON, for plaintiff in error.

If the petitioner was the sole owner of the property, it

will be conceded that he would be entitled to his exemptions. (Statute entitled "Exemptions.")

If the petitioner and his son were the owners as tenants in common, then there is no question but he would be entitled to his exemptions. See Heckle v. Grewe, 125 Ill. 58; 26 Ill. App. 339.

Statutes exempting property from sale for debts, are not to be construed strictly, but shall receive such construction as will carry out the obvious purposes of the Legislature in passing them to protect the debtor. Finlen v. Howard, 126 Ill. 259.

All statutes in this regard are to be liberally construed. Epps v. Epps, 17 Ill. App. 199; Heckle v. Grewe, 26 Ill. App. 339, 340, and cases cited.

That the head of a family is entitled to exemptions of homestead in property held in common, see Heckle v. Grewe, 125 Ill. 63.

We have been able to find no case in this State where the question at issue in the case at bar has been decided; on the contrary, it is held in the following cases that the members, severally, of a copartnership personal property are entitled to exemptions. Skinner v. Shannon, 44 Mich. 86; Russel v. Lennon, 39 Wis. 507; 20 Am. Rep. 60; Stewart v. Brown. 37 N. Y. 350; Bruns v. Harris, N. C. 140; Thompson on Homestead and Exemptions, Sec. 216.

The case of Trowbridge v. Cross, 117 Ill. 109, decides this fact: "One member of a firm can not acquire and hold a homestead estate in the real estate of the firm as against a partnership debt and without the consent of the copartner." See, also, Heckle v. Grewe, 125 Ill. 63.

Here we have the consent of the partner and no execution or other lien.

And the only question in this case is whether it takes the consent of the partner to the assignment of exemption homestead or otherwise, and when, having the consent of the partner, there seems to be no question but the partner is entitled to his exemptions.

The exemption of partnership goods is allowed a partner.

against a firm debt.    Williams & Co. v. Paschal, 68 Geo. 32,
and cases cited; Waite v. Matthews, 50 Mich. 392; 11 Bank
Reg. 114; McMasters v. Alsop, 85 Ill. 157; Gilmore v. Wel-
don, 7 Wis. 329; Stewart v. Brown, 37 N. Y. 350. [This case,
opinion by Porter, is the leading case on this question and is
sustained by reason, justice and practical common sense.]
See also, Radcliff v. Wood, 25 Barb. 52; Hewit v. Ran-
kin, 41 Iowa, 35; Dunklin v. Kimball, 50 Ala. 251; Dunklin
v. Kimball, 50 Ala. 67; Watson v. Simpson, 5 Ala. 233; Bibb
v. Jenney, 45 Ala. 329; O'Gorman v. Fink, 57 Wis. 649; Scott
v. Kenan, 94 N. C. 296; Evans v. Bryan, 95 N. C. 174.

And this view of the case is taken by Mr. Thompson in
his work on Homesteads, section 216.    He says that reason
and justice are with his view of the case, and I think that this
doctrine has become the settled law of the country and that
where there is an agreement or consent of the partners there
can be no doubt about it.

As further illustrating the question here presented a care-
ful consideration of the authorities will show that a partner-
ship debt is no greater or more sacred than an individual debt;
that a lien does not exist in favor of a partnership debt where
it would not of an individual debt.

That the portion of the effects of a partnership of one of
the partners can be set aside as personal property exempt
with the consent of the other partner or partners, seems to be
clearly stated.    Burnes & Smacker v. Harrison & Allen, 67
N. C. 140; O'Gorman v. Fink, 57 Wis. 649; Scott v. Kenan,
94 N. C. 296; Evans v. Bryan, 95 N. C. 174; Trowbridge v.
Cross, 117 Ill. 109; Hunnicutt v. Swenney, 63 Geo. 586;
Swearenger v. Bassett et al., 65 Texas, 267; which last case
is affirmed, and the rule clearly stated in Heckle v. Grewe,
125 Ill. 63, recognizing the doctrine of consent.    This doc-
trine is also recognized in the case of McMasters v. Alsop,
85 Ill. 157. .

Assuming that a partnership debt is the same as an individ-
ual debt and the same rights as between the firm as an indi-
vidual, as against the individual the statute would have the
right of exemption; the same right exists in the firm; the

only party that could object is the other partners; the creditors are not in a position to object. They have no lien on the property and are in no better position than an individual creditor. As further illustrating this view of the case see McClary et al. v. Bisby, Adm'r, 36 Ver. 254; Thorn v. Thorn, 14 Iowa, 49; Greenwood & Son v. Maddox & Toms, 27 Ark. 638; Burton, Moses & Bro. v. Moses Baum, 32 Kas. 641.

The case in 55 Alabama is based upon a special question, and I desire to call the attention of the court to the question·

First. There is evidently a distinction between exemptions as against executions and attachment, and cases of general assignment for the benefit of creditors.

Second. That by the authorities in the cases given a general assignment for the benefit of creditors is *ipso facto* a dissolution of the partnership, and ·as held by the Supreme Court of Wisconsin, 57 Wis. 649, and other cases cited, that there is a severance of the property in a legal or technical sense for the purpose of exemption.

Construing the law of exemptions liberally, the petitioner without doubt is entitled to his exemptions. I concede there are cases holding that a partner is not entitled to his exemptions, but in these cases they were cases against an execution and not cases of general assignment for the benefit· of creditors; and so far as stated in the case in 55 Alabama, where there was a continuing partnership. And I desire the court not to overlook the decision between a continuing partnership and one dissolved by general assignment.

Messrs. BENJAMIN & MORRISSEY, for defendant in error.

A member of an insolvent firm is not entitled to exemptions out of the partnership property. Trowbridge v. Cross, 117 Ill. 112; Bopp v. Fox, 63 Ill. 540; Simpson v. Leech, 86 Ill. 286; Heckle v. Grewe, 26 Ill. App. 340; 125 Ill. 63; In re Croft Brothers, 8 Bissell, 188; National Bank v. Bank of Commerce, 94 Ill. 271; Pond v. Kimball, 101 Mass. 105; Gaylord v. Imhoff, 26 Ohio St. 317; Guptil v. McFee, 9 Kan. 30; Spiro v. Paxton, 3 Lea (Tenn.), 75; Gill v. Latti-

more, 9 Lea, 381; In re Handlin, 3 Dillon, 290; Smith v. Harris, 76 Ind. 104; State v. Emmons, 99 Ind. 452; Love v. Blair, 72 Ind. 281; Ex parte Hopkins, 104 Ind. 157; Giovanni v. Bank, 55 Ala. 305; State v. Spencer, 64 Mo. 355; Julian v. Wrightsman, 73 Mo. 569; Richardson v. Adler, 46 Ark. 43; Robertshaw v. Hanway, 52 Miss. 713; Baker v. Sheehan, 29 Minn. 235; Prosser v. Hartley, 35 Minn. 340; State v. Bowden, 18 Fla. 17; Cowan v. Creditors, 77 Cal. 403; 19 Pacific Rep. 755; Succession of Stauffer, 21 La. Ann. 520; Succession of Welling, 21 La. Ann. 747; Succession of Pilcher, 39 La. Ann. 362; Staats v. Bristow, 73 N. Y. 264. Menagh v. Whitwell, 52 N. Y. 146.

Messrs. PHILLIPS & PORTER, for creditors.

PLEASANTS, J. This was a petition filed by appellant in the County Court, setting forth that he was a member of the firm of S. A. R. Willis & Son, which had made a general assignment to appellee for the benefit of its creditors, under the statute; that he was the head of a family, residing with the same, and as such entitled to an exemption of property of the value of $400, to be selected by him out of the stock of goods so assigned and now in the hands of appellee; that his partner consents to such exemption; that by the assignment he did not convey nor intend to convey what was exempt by law, and that he has no other property out of which he can have said exemption set off to him. It therefore prays for an order to the assignee to set off the same out of the stock so in his hands.

To this petition a demurrer was interposed by the assignee, which was sustained by the County Court, and also by the Circuit Court on appeal, and judgment entered accordingly. We think appellant had no such property in the stock before or after the assignment as would entitle him to the statutory exemption out of it. Firm assets are a trust fund for the payment of its creditors. The partners individually can have no absolute property in it or in any specific part of it until the creditors are fully satisfied. This elementary doctrine of the law of partnership has been held to bar analogous claims of

dower and homestead exemption in real estate of the firm Trowbridge v. Cross, 117 Ill. 109; Simpson v. Leech, 86 Ill. 286; Bopp v. Fox, 63 Ill. 540; its like operation upon personal property to bar such a claim as is here made is clearly recognized in Heckle v. Grewe, 26 Ill. App. 339, and same case in 125 Ill. 58; and the precise question here presented is decided in the case of Croft Brothers, 8 Bissell, 188, and in Ex parte Hopkins, assignee, 104 Ind. 157.

We are unable to see how a dissolution of the partnership or the consent of the copartner, before the firm creditors are satisfied, can operate to give a partner any greater right to the firm assets or any part thereof, as against the creditors, than he would otherwise have.

*Judgment affirmed.*