GEORGE FINGERHUTH

v.

BENJAMIN LACHMANN.

*Exemptions—Partnership Property—Insolvency.*

A member of an insolvent firm is not entitled to the exemption provided for by Sec.13, Chap. 52, R. S., out of partnership assets.

[Opinion filed December 11, 1890.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. D. P. & T. A. HENDRICKS, for appellant.

Mr. N. M. PLOTKE, for appellee.

GARY, J.   The appellant and one Heselbarth, doing business as Heselbarth & Fingerhuth, made an assignment for the benefit of their creditors, under which their assets were being administered upon in the County Court.   The appellant having a wife and children, with whom he resided, filed a petition that the court would allow him from the partnership property his exemption to the amount allowed to the head of a family under the statute in relation to exemptions.   His petition stated that his partner was also entitled to exemptions.   On demurrer the court dismissed his petition, and the only question in the case is whether the statutory exemptions can be taken from partnership property.   That is a new question in

this State, and elsewhere the authorities are conflicting. Down to 1878 they are collected in Thompson on Homestead and Exemptions, of that date.

It is unnecessary to review and weigh those authorities here, as the same reasons for which the Supreme Court in Trowbridge v. Cross, 117 Ill. 109, denied a homestead to one partner, in real property of a firm, apply with equal force to exclude exemptions from the personal property of a firm.

The judgment is affirmed.

*Judgment affirmed.*