Reed, J.,
delivered the opinion of the court.
The plaintiff in error was a member of a trading partnership composed of three members, doing a retail grocery business as McCrimmon & Sons. The assets of the copartnership were estimated at $1,500. Several suits by attachment for partnership debts were brought against the concern. Defendants in error were officers and as such levied upon the partnership goods. Judgments were obtained, executions issued, and the goods advertised and sold.
Previous to the sale plaintiff in error claimed that goods of the value of $300 be set aside from the partnership stock to him individually, as exempt under Geni. Stat., see. 1866. The officers, refusing to recognize the claim of exemption, sold and disposed of the goods under the execution. Plaintiff in error brought this suit to recover the $300 claimed as exempt and for the penalty.
*421 The complaint filed contained substantially the facts above stated ; a general demurrer was filed to the complaint that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant answered, justifying under the writs.
To some of the defenses demurrers were sustained and overruled as to others. Motions were then made to strike the remaining defenses from the files, which were denied and plaintiff given five days to reply, which he declined to do, but elected to stand by his demurrers. The court gave defendants judgment upon the pleadings.
. The clause of sec. 1866 relied upon is the following: “ And provided also further, that the tools, implements, working animals, books and stock in trade, not exceeding three hundred dollars in value, of any mechanic, miner or other person not being the head of a family, used and kept for the purpose of carrying on his trade and business, shall be exempt from levy and sale on any execution or writ of attachment while such person is a bona fide resident of this state.”
The only question necessary to be determined for the solution of this case is, whether the individual members of a mercantile partnership each has and holds the statutory amount in value and interest, in the joint partnership undivided stock, exempt from execution for partnership debts.
There is no such thing as joint or copartnership exemption to a trading firm. The statutory right to exemption is a personal and individual right that may be asserted or waived by the individual, and must, of necessity, be exercised in relation to individual property, and for obvious reasons cannot be exercised in regard to joint or common property of the partnership. While the goods remain the common property of the firm, no partner has an exclusive right to any of them.
“ The interest of each partner in the partnership property is his share in the surplus, after the partnership accounts are settled and all just claims satisfied.” 3 Kent. Com. 37; 2 Story, Eq. Juris., sec. 1263.
In 2 Bates on Part., sec. 1131, the law is stated as follows : *422 “ On execution against the partnership property on judgment for a partnership debt, no exemption or homestead is allowed either to the partnership as a body, or to the individual members thereof, out of the joint assets. The partnership as a body cannot claim it because the homestead and exemption statutes apply to several and not to joint claims, and the partnership is neither an entity, an individual, nor the head of a family. An individual partner cannot claim it because no partner has a proprietorship in any speciñe chattel, his interest being a share in the surplus after payment of debts and copartners’ claims. Each asset belongs as much to the other partners as to him, and each partner has a lien upon it for its application to discharging debts and his own claim when ascertained ; hence a claim of exemption, if allowed, by a partner would change the ownership. If, however, all the copartners assented, yet to make the exemption good their assent must be deemed to be assignment to him of the property selected, in order that bis selection might be made out of his own property, and thus his exemption is obtained, not by virtue of a statutory right, but.by contract with the co-partners. The right to exemption depends upon the power of selection, and this can only be exercised in property of which the debtor is the owner. If. the .partners are numerous, the difficulties of ascertaining if all-had consented would be sometimes insuperable.”
In a noté to the above section, in support of the proposition that there can be no exemption in partnership property, fully a hundred cases in the federal and courts of different states are collected. Another and very cogent reason is given in many of the decisions, that the partnership assets are a trust fund for the payment of joint creditors, and in case of insolvency the partners cannot by mutual agreement convert the joint property, into separate property, as it would be a fraud upon the creditors.
The wording of the statute is such as to preclude the presumption that it was intended to apply to goods owned jointly by a partnership; it is in the singular in each instance : First. *423 “ The following property when owned by any person being the head of a family.” Second. “The tools * * * not exceeding three hundred dollars in value of any mechanic, miner or other person, not being the head of a family.”
The single proposition or statement in regard to the ownership of partnership goods seems conclusive of the whole controversy. In West v. Ship, 1 Ves. 244, Lord Hardwicke said, speaking of the interest of the individual in partnership assets: “ Nothing is to be considered his share but the proportion of the residue on the balance of the account.” Again: “ Partners are joint tenants in the stock and all effects, they are seized, per my et per tout,” consequently, if exemption attached it must be to the partnership as a unit. No member can have, as an individual, severable, specific property in the common stock that can be set aside to him. The claim is and so is the statute of setting apart specific goods to answer the demand of the individual.
In Parsons on Part., p. 363 (2d ed.), it is said: “ What, then, is the right, or interest, or property of a partner to or in the effects of the partnership ? Certainly not a separate and exclusive right to any part or portion of it; or any right of any kind to any one part rather than to any other part; oi' any other right or interest than that which all the other partners have. It follows, therefore, that he can have no right or interest which is such in kind or in degree as prevents any, or all of his copartners from having precisely the same; and the right which he has is the same as theirs in reference to the whole and every part of the property.”
This principle in regard to the character of the ownership has been long established and never questioned.
In support of the proposition that there can be neither partnership nor individual exemption in partnership goods, of the hundreds of cases but few need be cited, the general principles stated should be sufficient. But see Thompson on Homesteads and Exemp., sec. 197, et seq.; Lovejoy v. Bowers, 11 N. H. 404; State ex rel. v. Emmons, 99 Ind. 452; Ex Parte Hopkins, Assignee, 104 Ind. 157; Gaylord v. Imhoff, 26 *424 Ohio St. 317; Pond v. Bristow, 73 N. Y. 265; Trowbridge v. Cross, 117 Ill. 109; Fingerhuth v. Lachman, 37 Ill. App. 489; Wills v. Downs, 38 Ill. App. 269.
To hold otherwise would be the confirmation by the court of frauds perpetrated by the individual partners. Take for example a case where five irresponsible parties, all without capital, form a commercial partnership and as soon as such obtains $1,500 worth of goods upon credit, each takes his $300 exemption, taking the entire stock. Each would' have that amount that he never earned or in any way acquired except by fraud upon creditors. Take another illustration founded upon the well established principle, that each individual member of a firm is answerable in solido, to the whole amount of the debts, without reference to the proportion of his interest, or the nature of the contract between him and his associates. Five persons form a trading copartnership, obtain credit and secure goods to the value of $1,500; one of the five is financially responsible, the other four not; the four take by exemption the entire stock and leave the fifth to pay for it.
It follows that the demurrer to the complaint should have been sustained, but as, practically, the same result was reached by judgment for the defendants on the pleadings, it will be affirmed.

Affirmed.