In Matter of Assignment of Nathan Landfield.

## In the Matter of the Assignment of Nathan Landfield, on His Petition for Exemptions.

1. PARTNERSHIP—*Voluntary Conveyances to a Partner of an Insolvent Firm.*—A voluntary conveyance of all the firm property to one of the partners of an insolvent firm, is invalid as against existing firm creditors; and an assignment made by the partner to whom the conveyance is so made, will be treated in equity as made for the benefit of the partnership, in preference to individual creditors.

2. SAME—*Transfer of Firm Assets—Good Faith Essential.*—Good faith in the transaction is always essential to a transfer by a partnership of its assets to an individual member of the firm.

3. SAME—*Settlement on Equitable Principles.*—Courts of insolvency wind up the affairs of a partnership on equitable principles.

4. SAME—*Voluntary Assignment and Bill of Sale Held to be the Same Transaction.*—A bill of sale by one of two members of an insolvent partnership to the other, and a voluntary assignment by the other four hours thereafter, are parts of one and the same transaction, and are to be treated as made by the firm for the benefit of its creditors.

5. SAME—*Firm Assets a Trust Fund.*—Firm assets are a trust fund for the payment of its creditors. The partners individually can have no absolute property in the fund or in any specific part of it, until the firm creditors are fully satisfied.

6. EXEMPTIONS—*When Not to be Allowed in Voluntary Assignments.*—A sale of partnership assets made by one of two partners to the other, followed by a voluntary assignment immediately after by the other partner, if made by the former for the purpose of obtaining his exemptions at the expense of firm creditors, to which he would not otherwise be entitled, is to that extent a fraud upon such creditors.

Voluntary Assignments.—Petition for exemptions. Trial in the County Court of Cook County; the Hon. W. S. WHEATLEY, Judge, presiding. Hearing and judgment for respondents; appeal by petitioners. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed March 14, 1899.

MORAN, KRAUS & MAYER, attorneys for appellants.

GILBERT & GILBERT, attorneys for Nathan Landfield, appellant.

Exemption statutes are to be liberally construed in favor of debtor. Finlen v. Howard, 126 Ill. 262; Morrissey v. Feeley, 36 Ill. App. 556.

The rights of creditors to look to partnership property as partnership property is to be by creditors exercised solely through the partners themselves, and such creditors can be deprived of such rights by the arbitrary wish and act of the partners.    Hence a sale by one partner to the other is not a fraud upon the firm creditors, though it deprive them of all means of collecting their claims.    Hapgood v. Cornwell, 48 Ill. 64; Young v. Clapp, 147 Ill. 176, and cases cited.

The firm creditors have no lien but only an equity, which they can enforce only after judgment and execution, and not all after the sale by one partner to the other.    Goembel v. Arnett, 100 Ill. 34.

The rule distinguishing between partnership and other assets is for the "benefit and protection" of the partners themselves.    Farwell v. Huston, 151 Ill. 239.

CRATTY, JARVIS & CLEVELAND, attorneys for creditors.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a petition by Nathan Landfield, the assignor, for an allowance of four hundred dollars in cash out of funds in the hands of the assignee, which he prays may be set aside to him as exempt.    The petition was denied by the County Court.

The abstract of the testimony is very meager and unsatisfactory.    We think it is properly complained of by the objecting creditors.    We have also reason to object to the citation of authorities in the brief of the latter's counsel without giving the page of the volumes containing the cases referred to.    Carelessness in the preparation of briefs is unjust to the court and may do injustice to the client.

Nathan and Joseph Landfield are brothers, and were co-partners in business.    June 24, 1897, they agreed to dissolve partnership, and Joseph executed a bill of sale to Nathan, who assumed all the debts of the firm.    About four hours later Nathan made an assignment for the benefit of creditors.    Joseph says that he did not know that the firm was insolvent when he made the bill of sale.    But the evi-

dence tends to show that if he did not know it, he could and ought to have had such knowledge. No effort was made, according to his testimony, to learn the facts. He testifies, however, that he had tried to get certain of the firm creditors to release him, and says that had he been released as he wanted to be, "my brother would not have made any assignment." Creditors were pressing the firm, and an attachment had been issued prior to the making of the bill of sale.

Nathan testifies that he had no idea of making an assignment when the bill of sale was made.

It is impossible, from these facts and this evidence, to avoid the conclusion that the bill of sale and the assignment were parts of one and the same transaction. If this is true, then the assignment executed by Nathan after receiving the bill of sale from Joseph, was the act of both partners, as fully as if Joseph had executed the assignment itself, instead of the bill of sale which gave Nathan the power to assign the partnership assets. The statement of Joseph that the assignment would not have been made had certain creditors released him, is a sufficient, even if inadvertent concession, that the brothers and partners were acting in concert for a common purpose, and that the bill of sale was not a *bona fide* transaction separate and distinct from the assignment made by Nathan immediately thereafter.

A voluntary conveyance of all the firm property to one of the partners of an insolvent firm, has been held to be invalid as against existing firm creditors; and an assignment made by the partner to whom the conveyance has been so made, will be treated in equity as made for the benefit of the partnership in preference to individual creditors. Joseph himself, in this case, might not be able to insist upon the payment of partnership debts, for which he is liable, out of the partnership property which he voluntarily conveyed to Nathan. But the partnership creditors have been held to have equitable rights in the partnership property, upon the ground that such property "is treated as belonging, not to the persons composing the firm, but to

a distinct debtor, the partnership." And this upon the principle that the sale to the individual partner was made to defraud the firm creditors by defeating their equity. It is the fraud which vitiates the transaction between the members of the firm and its creditors. Arnold v. Hagerman, 45 New Jersey Equity, 186, 198.

To the validity of such a transfer to an individual member of the firm, good faith has always been held essential. Phillips v. Ames, 5 Allen, 183.

Courts of insolvency wind up the affairs of a partnership on equitable principles. Hoffman v. Schoyer, 143 Ill. 598–616.

In this case, if the sale to Nathan was made by Joseph for the purpose of obtaining for the former, exemptions at the expense of firm creditors, to which he would not otherwise be entitled, then it was to that extent a fraud upon such creditors.

But as we have said, the bill of sale and assignment were parts of one transaction. The assignment must be treated as made by the firm for the benefit of its creditors. In this view, neither of the partners was or is entitled to exemptions.

It was said in Wills v. Downs, 38 Ill. App. 269–273: " Firm assets are a trust fund for the payment of its creditors. The partners individually can have no absolute property in it or any specific part of it until the creditors are fully satisfied." See cases there cited.

The judgment of the County Court is affirmed.